384

LOBBAN v. WIERHAUSER.
No. 10669.

Court of Civil Appeals of Texas.
San Antonio.
April 24, 1940.

Rehearing Denied June 12, 1940.

Ingrum & Morris, of San Antonio, for appellant.

Harry Hertzberg and Marion R. McClanahan, both of San Antonio, for appellee.

SMITH, Chief Justice.

Appellant, W. P. Lobban, brought this suit in equity against appellee, H. J. Wierhauser, seeking to impress a parol trust upon certain real estate conveyed to Wierhauser by a stranger, on April 12, 1913. The facts of the case will be stated from plaintiff's petition, to which the general demurrer was sustained below.

Appellant contacted one D. C. Jones, the owner of the property which appellant believed could be resold within a reasonable time and at a reasonably good profit over the proposed sale price of $1,250. Not having the purchase money, and being unwilling to involve himself in debt, appellant entered into an agreement with appellee, whereby the latter, on April 22, 1913, furnished the money for the purchase price, which was paid over to Jones, the vendor. By consent of all, Jones conveyed the property to appellee, upon an agreement that appellant should not incur any personal liability in the transaction and that appellee would look alone to the property for re-

payment of the purchase price, with interest. Appellee agreed that the title should vest in him in trust for appellant, as security for the loan, and that he would convey the property to appellant's nominee when appellant paid appellee, or caused to be paid to him, the sum of $1,250 with 8% interest from April 22, 1913.

It was further agreed that the rents and revenues from the property should be collected by appellee, and applied to taxes and maintenance costs, the surplus, if any remaining, to be retained by appellee and credited upon the sum he had advanced until it was liquidated, the net balance to go to appellant. About a year after this agreement, which was in parol, the parties entered into a written stipulation, which was in accordance with the oral agreement. This suit, however, is based entirely on the oral contract.

Thereafter appellee collected the sum of $2,100 or more as rental from the land up to about the year 1921. At that time appellee sold one-half of the land for $2,500, and, in 1927, the other one-half for $3,500.

At the time of the first sale, appellant requested an accounting, but the only written statement made by appellee in response thereto was not dated, itemized or intelligible. On numerous occasions during the next fifteen years appellant orally requested an accounting, which appellee orally agreed to furnish, but never did. On August 5, 1935, appellant made a written request for a statement, whereupon appellee repudiated the trust. This suit was brought on July 1, 1937. Appellant claimed that all of the real estate was sold and converted into cash by appellee, at a profit of at least $7,500, for which appellant sued and prayed for an accounting.

Wierhauser urged a general demurrer to the petition, which was sustained, and Lobban, refusing to amend, has appealed from the resulting adverse judgment.

Appellant contends that the facts alleged are sufficient to create an express trust in his favor under the familiar doctrine of James v. Fulcrod, 5 Tex. 512, 5 Am.Dec. 743.

■ An express trust is one which results from, and is based on, a contract which involves the separation of the legal and the equitable title. Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885.

An express trust must be supported by a valid consideration, which may consist of a prior interest in the land, a payment of the purchase price, or a legal obligation to repay all or a part of the purchase price. This obligation of repayment may be payable at a fixed time, or on demand, or on an installment basis. The point is that it must be a legal obligation to repay the money. Wright v. Wright, Tex.Com.App., 132 S.W. 2d 847; Trinity Fire Ins. Co. v. Solether, Tex.Civ.App., 49 S.W.2d 940; Solether v. Trinity Fire Ins. Co., 124 Tex. 363, 78 S.W. 2d 180.

■ Prior to the conveyance by Jones to Wierhauser appellant had no interest in the land, nor did he furnish, or become bound for, any part of the purchase price. Wierhauser's agreement was no more than a promise to buy land and later convey it to appellant at a certain price. Such a promise does not create a trust. Watkins v. Watkins, Tex.Civ.App., 141 S.W. 1047; Schutz v. Harris, Tex.Civ.App., 149 S.W. 242; Friedsam v. Rose, Tex.Civ.App., 271 S.W. 417.

■ Appellant alleges that Wierhauser lent him the money and that he thereby furnished the purchase price for the land. This is but a conclusion of the pleader, which we think is negatived, rather than supported, by facts specifically pleaded. Appellant did not want to involve himself in debt, was very careful to assume no personal liability for the so-called "loan," and imposed a positive condition that he be not obligated to repay any part of the money. It was agreed, and so transpired, that Wierhauser would look to the property alone for reimbursement. Appellant owed nothing to appellee and the relation of debtor and creditor did not exist. 13 Tex.Jur. 548, § 2.

Appellant was not obligated to find a purchaser for the land in order to repay the advancement by a sale within a reasonable time and for a reasonable price; he was not even bound to accept the land if appellee had attempted to convey it to him. He suffered no detriment, and appellee gained no benefit by reason of the alleged loan.

■ Appellant contends that certain services he performed in clearing the title to the land are sufficient to support the trust. Those services were no part of the purchase price and there is no allegation in the petition that appellee requested that they be performed, or that they were performed for his benefit. Appellee would not have entered into the agreement at all if the vendor's title had been imperfect. While appellant may

386

have a claim against the vendor or appellee for an agent's commission or an attorney's fee for the services rendered, they do not constitute any consideration which can support the alleged trust.

In the absence of allegations that appellant paid, or became legally bound to pay, some part of the purchase price, the petition does not state facts constituting a trust. Friedsam v. Rose, Tex.Civ.App., 271 S.W. 417; Frank v. Gaffney, Tex.Civ.App., 2 S.W.2d 885.

The legal title to the land was conveyed to appellee and appellant never did own the equitable title. Appellee promised to reconvey the land at an advanced price, but this promise, made in parol, in addition to being without consideration, comes within the inhibitions of the statute of frauds, and is therefore unenforceable. Allen v. Allen, 101 Tex. 362, 107 S.W. 528.

Under the facts alleged in the petition, there is no theory by which appellant can recover and the trial judge did not err in sustaining the general demurrer. This question is raised in appellant's first assignment of error, which is overruled. Appellant's remaining assignments of error rest upon the premise that the trial judge gave effect to certain special exceptions in appellee's answer. The record shows, however, that those exceptions were not passed upon by the trial judge, and the assignments of error relating thereto are not sufficient to invoke rulings on appeal.

The judgment is affirmed.