EARL C. FITTS v. JEROME S. STONE ET UX

No. 7993.  Decided December 16, 1942.
Rehearing overruled January 6, 1943.
(166 S. W., 2d Series, 897.)

*Stine, Bunting & Stine* and *Vincent Stine,* all of Henrietta, for petitioner.

The respondents having pleaded a state of facts showing that petitioner bought the land with his own funds, and agreed to convey said land to Mrs. Stone, it was error for the Court of Civil Appeals to hold that said pleading alleged a trust. American Natl. Ins. Co. v. Warnock, 143 S. W. (2d) 624; Lobban v. Wierhauser, 141 S. W. (2d) 384; Wheeler v. Haralson, 99 S. W. (2d) 885; Schutz v. Harris, 149 S. W. 242.

*McDonald & Anderson,* of Wichita Falls, for respondents.

The Court of Civil Appeals correctly held that respondent's petition contained in their cross action sufficiently alleged a parol trust. Vicars v. Quinn, 154 S. W. (2d) 947; Chicago R. I. & G. N. Ry. Co. v. Harris, 24 S. W. (2d) 385.

MR. JUSTICE CRITZ delivered the opinion of the Court.

On October 31, 1938, Mrs. Nellie Kuteman, a widow, and Mrs. Beatrice K. Stone, wife of Jerome S. Stone, were joint owners of a very large landed estate, situated in several counties in this State. Also, they owned jointly other properties in this State, not classed as real property. On the date just mentioned, Mrs. Kuteman on the one side, and Mrs. Stone, joined by her husband, on the other side, entered into a written contract, by the terms of which they agreed and bound themselves to preserve and keep intact the above-mentioned properties, for a period of two years from the date of the above-mentioned contract. The contract provided that neither party would sell or attempt to have partitioned, during such two-year period, any of such jointly owned properties, except money and income. The contract provided that, "each party does hereby give and grant to the other, for a period of two years, such an interest and estate in her portion of such property that the joinder of both shall be required in any instrument undertaking to sell, lease, mortgage, assign or in any other way to encumber the property." The contract recites that it is made on the consideration "of the mutual benefits moving to each other, and in further consideration of the mutual restriction covenants herein contained."

As we understand this record, after the above contract was entered into, Mrs. Kuteman became the wife of one Lee Fitts.

Earl C. Fitts was claiming an indebtedness against Mrs. Lee Fitts, formerly Mrs. Kuteman, for representing her as her attorney in a divorce suit against her former husband. On February 28, 1940, Mrs. Fitts, formerly Mrs. Kuteman, joined by her then husband, Lee Fitts, conveyed to Earl C. Fitts an undivided one-half interest in the 122.6 acres of land here involved. We assume that such land was a part of the lands included in the contract above mentioned. This instrument is in form a general warranty deed. It recites a consideration of $1,080.00, the receipt of which is acknowledged. It states that "same is for services rendered by the grantee in behalf of the grantor, Mrs. Nellie Kuteman Fitts, and which sum is acknowledged as a cash payment herein, * * *." The deed wipes out and pays the debt.

For convenience, we will hereinafter refer to Mrs. Nellie Kuteman Fitts as Mrs. Kuteman.

After the happening of the above events, Earl C. Fitts filed this suit in the District Court of Montague County, Texas, against Beatrice K. Stone and husband, Jerome S. Stone, to recover title and possession of the one-half interest in the 122.6 acres of land conveyed to Fitts by the deed from Mrs. Nellie Kuteman Fitts and husband, Lee Fitts. Earl C. Fitts' petition is in statutory form of trespass to try title.

We shall not attempt to detail the answer of Mr. and Mrs. Stone in all of its particulars. It contains a cross action. Such cross action was filed after the two-year period named in the contract between the Stones and Mrs. Kuteman had expired. In this cross action the Stones plead: That they entered into the written contract with Mrs. Kuteman above set out; that such contract bound and obligated both sides for a period of two years not to sell any part of the landed estate of which this 122.6 acres was a part; that the conveyance above described to Earl C. Fitts was made during such two-year period, and before it had expired; that at and before the time the deed to Earl C. Fitts was executed he was claiming that Mrs. Kuteman owed him an attorney's fee; that Earl C. Fitts was pressing Mrs. Kuteman for payment; that all the parties interested had a meeting in Wichita Falls, Texas; that at this meeting Mrs. Kuteman told Earl C. Fitts that she had turned the matter of a settlement of his fee over to the Stones, and whatever they did would be satisfactory to her; that at another

conference, at which Mrs. Kuteman was not present, Earl C. Fitts informed the Stones that Mrs. Kuteman was willing to deed him her undivided one-half interest in this 122.6 acres of land, in payment of his claim against her, and asked the Stones to join in such conveyance; that the Stones declined to join in such conveyance; that instead of joining in such conveyance the Stones orally agreed with Earl C. Fitts that he could obtain a conveyance of title to an undivided one-half interest in this 122.6 acros of land from Mrs. Kuteman and her then husband, in payment of his claim against Mrs. Kuteman, provided the said Earl C. Fitts would take title to such undivided one-half interest in said land in his name, and hold same in trust for the said Mrs. Stone, and that she would pay him therefor the sum of $8.00 per acre. We here quote as follows from the Stones' cross action:

"He agreed that he would attempt to obtain from the said Mrs. Kuteman as above a conveyance and that he would hold said title in trust for Mrs. Stone. Thereafter, on February 28, 1940, Nellie Kuteman Fitts and her husband, Lee Fitts, executed, acknowledged, and delivered to the said plaintiff Warranty Deed absolute on its face, conveying the 61.3 acres, being an undivided one-half interest in 122.6 acres out of Section No. 50, James Doss Survey, Abstract No. 1217, lying in Montague County, Texas, as same is described in said Deed of record in Volume 219, page 446, Deed Records of Montague County, Texas; that a few days thereafter, defendants, upon being informed thereof, made tender to plaintiff of the sum of $8.00 per acre, amounting to the sum of Four Hundred Ninety and 40/100 ($490.40) Dollars and demanded of him a conveyance of title of said land. A test for oil and gas being made in the immediate vicinity, the plaintiff refused to convey it, stating that in view of the oil possibility he would claim it for his own. Defendants here now, under this alternative plea, tender to the plaintiff in open court and here now place with the Clerk of this Court, the sum of Four Hundred Ninety and 40/100 ($490.40) Dollars and pray that all right, title, and interest in and to said 61.3 acres of land be divested out of the plaintiff and here now vested in Beatrice K. Stone, wife of Jerome S. Stone, as her separate property and estate, and that all cloud be removed from said title by reason of any claim asserted by the plaintiff."

The Stones' cross action also contains a pleading attempting to set up an action in damages, based on the violation by Fitts

of his alleged oral contract with them. We will not detail this pleading. It is unnecessary, under the view we take of this case, as will later appear.

Under the above record, Mrs. Stone contends that when Earl C. Fitts took title to this land from Mrs. Kuteman, he took such title in trust for her, Mrs. Stone. In this connection, Mrs. Stone contends that she has the right to have the legal title conveyed to her when she pays Earl C. Fitts the $8.00 per acre for said land, as was orally agreed to between her and Fitts. Mrs. Stone pleads tender of such money to Fitts, and his refusal to receive the same or to make conveyance to her. The Stones tendered testimony to support the allegations in their cross action. The trial court rejected such evidence.

As we interpret its opinion, the Court of Civil Appeals holds that, under the facts pleaded by the Stones, Earl C. Fitts took title to this land from Mrs. Kuteman in trust for Mrs. Stone, provided Mrs. Stone paid to him the $8.00 per acre, as above stipulated. We are not in accord with this ruling.

■ We do not attempt a full construction of the written contract between the Stones and Mrs. Kuteman. Certainly the mere fact that one party should violate its terms without the consent of the other, by sale or mortgage, would not render such sale or mortgage absolutely void; and neither would such sale or mortgage operate to vest title in the thing sold or mortgaged in the other party. The most that the other party could ask would be to demand that such sale or mortgage should not operate to her injury. Mrs. Stone's cross action sets up no facts showing, or tending to show, that the mere fact that Mrs. Kuteman conveyed to Fitts her undivided interest in this land has resulted in any injury to her, Mrs. Stone. Mrs. Stone, as a married woman, could not personally bind herself by an executory contract, even if written, to purchase this land from Fitts, and pay him $8.00 per acre therefor. Farr v. Wright, 27 Texas 96; Covington v. Burleson, 28 Texas 368; Speer, Law of Marital Rights, pp. 253 and 254, and authorities there cited. Prior to her deed to Fitts, Mrs. Kuteman owned an undivided one-half interest in this land, and Mrs. Stone owned the other one-half. There is nothing in the contract above mentioned which altered this joint ownership. They still owned the land jointly after they signed the contract. Fitts purchased Mrs. Kuteman's one-half interest. By her deed, Mrs. Kuteman parted

absolutely with any title she had. Such deed certainly did not operate to vest any title in Mrs. Stone. As already stated, there is nothing in the contract between the Stones and Mrs. Kuteman that could bring about that result. Any title Mrs. Kuteman ever had in this land passed to Fitts. The debt Mrs. Kuteman owed Fitts was fully paid. It follows from what we have said that any title Mrs. Stone has in the one-half of this land conveyed by Mrs. Kuteman to Mr. Fitts must come to her by virtue of Fitts' oral agreement to convey it to her on her agreement to purchase at $8.00 per acre. In this connection, it is clear that the deed was not a mortgage. This is because, as already shown, the debt of Mrs. Kuteman was wiped out or paid by the conveyance, and the Stones owed no debt.

■ It is settled that if Fitts had had an oral contract with Mrs. Kuteman such as is pleaded by Mrs. Stone, such contract would have been in violation of our Statute of Frauds, and would not have been enforcible. Article 3995, R. C. S.; Foster v. Ross, 33 Texas Civ. App. 615, 77 S. W. 990; Friedsam v. Rose, 271 S. W. 417; Lobban v. Wierhauser, 141 S. W. (2d) 384; Wade v. Cohen, 173 S. W. 1168; Thorp v. Gordan, 43 S. W. 323; American Nat. Ins. Co. v. Warnock, 143 S. W. (2d) 624. Mrs. Stone had a lesser interest in this land than Mrs. Kuteman, and no reason in law or equity can be given to hold that an oral contract, such as this, could create a trust in favor of Mrs. Stone, that could not have been created by a like contract in favor of Mrs. Kuteman. The oral contract pleaded by Mrs. Stone was clearly a contract for the sale to her of real estate, within the meaning of Subdiv. 4 of Article 3995, R. C. S. It was and is, therefore, not enforcible in the courts of this State. Of course, if such contract was in violation of our Statute of Frauds, it could not be enforced, either specifically or in damages.

The judgment of the trial court in this case was for Earl C. Fitts. The Court of Civil Appeals reversed and remanded. 160 S. W. (2d) 1013. It is apparent from our opinion that we hold that the judgment of the district court was correct.

It is ordered that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

Opinion delivered Decembr 16, 1942.

Rehearing overruled January 6, 1943.