## COFFIELD v. SORRELLS.

No. 14638.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 6, 1944.

Rehearing Denied Nov. 3, 1944.

J. W. Chancellor, of Bowie, and Stine, Bunting & Stine, of Henrietta, for appellant.

Donald & Donald and Joe Cleveland, all of Bowie, and T. R. Boone and Kearby Peery, both of Wichita Falls, for appellee.

224

BROWN, Justice.

Appellee Sorrells brought suit against appellant Coffield and alleged, in substance, that sometime prior to June 10, 1939, plaintiff and defendant entered into an oral agreement and formed a partnership by the terms of which the plaintiff, who had found a bargain in the parcel of land in controversy, discussed the purchase of such land with defendant, and the defendant agreed and shortly thereafter paid the purchase price to the owner of such land and it was then agreed that they would own the land as partners and jointly, each owning an undivided one-half interest therein, and that a part of the agreement was that certain mineral interests were to be sold in such amount as that the price received would repay the defendant for the purchase price, and that after such repayment the plaintiff and defendant were to be joint owners in the land.

Plaintiff next alleged that the defendant was not known in the transaction during the negotiations for the purchase and his name did not enter into the transaction until the deal was consummated, at which time defendant's name was inserted in the deed; that plaintiff arranged for the purchase of the land and handled all matters connected with the purchase with the express understanding that defendant was the Trustee of an express trust, holding the equitable title to one-half of the land for plaintiff.

Plaintiff next alleged that he in all things fully complied with his part of the partnership and trust agreement, in that he found and located the bargain and exercised his contact and relationship and acquaintance with the owner, H. C. Butler, and exercised and used his geological knowledge in the purchase thereof, and that it was expressly understood and agreed by and between the plaintiff and defendant that this was the consideration to be paid and brought into the partnership by the plaintiff, and that he, in all things, complied with his part of the partnership as alleged, and that defendant accepted as plaintiff's part of the contribution to the partnership the items and services mentioned, and then and there agreed prior to the acquisition of the title that he would hold the same as Trustee for the plaintiff, and that his holding of the legal title would be in all things subject to the equitable rights of plaintiff to one-half of the land.

We have endeavored to give a correct analysis of the plaintiff's pleadings, using his language. The defendant answered denying the partnership, denying that any trust was created, interposed the defense of the Statute of Frauds, and adverse possession for three years.

The cause being tried to a jury, the jury found as follows: "(Issue No. 1) Do you find from a preponderance of the evidence that an agreement was made by and between W. F. Sorrells and C. W. Coffield to the effect that C. W. Coffield furnish the purchase price of $1200.00 to purchase the 120 acres of land in question from H. C. Butler upon condition that as and when a part of the minerals thereunder were sold sufficient to repay the said C. W. Coffield therefor and that such remaining interest in said land, if any, would be owned jointly by W. F. Sorrells and C. W. Coffield?" The answer is "yes". The jury found in answer to Issue No. 2 that this agreement was made before Butler executed the deed; and in answer to Issue No. 3 the jury found that pursuant to such agreement Sorrells procured the deed from Butler in the name of Coffield; and in answer to Issue No. 4, they found that Coffield approved the title on June 29, 1939; and in answer to Issue No. 4A the jury found that the agreement entered into was never revoked by the mutual consent of the parties; and in answer to Issue No. 5 the jury found that Sorrells was instrumental in procuring a purchaser and perfecting a sale of 30 acres of minerals under the land in question to Walter H. Gant for $1200; and in answer to Issue No. 6 the jury found that the agreement between the parties was not made conditioned upon Sorrells immediately and without awaiting future oil development procuring a sale of a part of the minerals to reimburse Coffield; Issue No. 7, dependent upon Issue No. 6, was not answered; and to Issue No. 8 the jury found against the defendant on adverse possession.

On this verdict judgment was rendered for Sorrells and Coffield appeals.

■ If we correctly analyze plaintiff's pleadings, it is seen that the case was not submitted to the jury on any theory pleaded and that the findings of fact do not support the pleadings.

Appellee's brief begins with these words: "We state that this lawsuit is as follows: This suit was brought by one copartner against another to recover his equitable,

lawful rights in property, and for an accounting of the partnership affairs."

Under the pleadings and the jury verdict it seems evident that there was no partnership established. Strawn Nat. Bank v. Marchbanks, Tex.Civ.App., 74 S.W.2d 447, writ refused; Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104, writ refused, and Vol. 47 Corpus Juris, § 70, pp. 677, 678.

If appellee can recover, we believe that he must do so by establishing a parol trust in the land in controversy.

It will be observed that there is no finding on the part of the jury that Sorrels was to "find the bargain" and give his services in bringing about the purchase of the lands and to further obligate himself to sell enough of the mineral interests to re-imburse Coffield for the original purchase price.

On the other hand, the jury found that the agreement between the parties was "that Coffield furnish the purchase price of $1200.00 * * * (to be paid) to Butler, upon condition that *as and when* a part of the minerals thereunder were sold sufficient to repay the said Coffield therefor and that such remaining interest in said land, *if any,* would be owned jointly by Sorrells and Coffield."

We observe first that no such agreement was pleaded by Sorrells, and we next turn to his testimony.

After detailing the conversation had with Coffield about purchasing this tract from Butler, Sorrells testified: "He said (referring to Coffield) 'Do you think you could sell any part of the royalty and clear that place?' and I said, 'Yes, I believe I can,' and he said, 'If you think you can sell part of that royalty, up to half, so we would have half left clear, I will pay the $1200.00 for that piece of land and then what is left we will split it jointly, own it jointly.'"

Further on direct examination Sorrells testified that when he went to Coffield in connection with the purchase of the Butler land Coffield asked the witness if he thought Butler would take $10 per acre for the land and that Sorrells told him he believed Butler would sell for that price, and that Coffield then asked him if he Sorrells, thought he could sell enough of the minerals to get the purchase price back, and that Sorrells told him he believed that he could do so and that then Coffield said: "That is the way we have been trading. If you can buy that 120 acres for $1200.00 and I will put up the money and you sell enough of the minerals and we will own the surface 50-50 and whatever minerals is left we will own that 50-50."

On cross-examination Sorrells testified as follows: "Q. In other words, the land, after Mr. Coffield was paid out, would be half yours and half his? Ans. When he received his money back. That was our agreement;" "Just like I said— If I could sell it for a certain price and sell part of the minerals, we would own it 50-50, no time set on it." (Meaning no time set for the sale of enough mineral interests to re-imburse Coffield.) Then this question was asked: "Now was there any agreement between you as to the length of time in which you were to have to sell this mineral interest to re-imburse Mr. Coffield?", and he answered: "There was not," and this was followed with the following question: "In other words, if you sold enough minerals to reimburse him for the purchase price of the land whether you sold those mineral interests in ten years or ten days or twenty years or twenty days, it was just the same. It was to be your land?" He answered: "As far as any agreement between Witt (meaning Coffield) and myself, that was correct."

Appellant contends: (1) That the contract, as established by the jury verdict, violates the law against perpetuities and is unenforceable; (2) that no trust was created by the transactions between the parties; (3) that there being no trust and the contract being oral, it is unenforceable under the Statute of Frauds; (4) that no partnership was created; and (5) that appellant was entitled to judgment, as a matter of law, on the undisputed evidence and the three years statute of limitations.

Appellee contends that the rule against the creation of perpetuities is only applied to wills and deeds.

We are of opinion that it is applied as well to contracts. West Texas Bank & Trust Co. v. Matlock et al., Tex. Com.App., 212 S.W. 937.

We believe that appellee's contention is unsound in the case at bar for the reason that appellee is endeavoring to engraft a parole trust upon a deed absolute on its face.

If appellee cannot establish the fact that his oral contract is a part and parcel of the written deed, he could not, under any theory, recover any interest in the land conveyed by the deed. It follows that, if the oral contract violates the law against perpetuities, appellee cannot recover.

■ We believe that the contract as pleaded and as found by the jury does violate the law against perpetuities, because there is no allegation that Sorrells bound himself to sell enough of the mineral interest (which would necessarily occur during Sorrell's lifetime) to re-imburse Coffield for the purchase price, and there is no finding by the jury that Sorrells and Coffield made any such contract.

On the other hand, the finding of the jury is simply "that as and when a part of the minerals were sold sufficient to repay" Coffield for the purchase price paid by him, then whatever remained would be owned jointly by the parties.

Most certainly this could easily mean that whenever it was sold, at any time in the future, the undetermined interest would then vest in Sorrells, if alive, or in his estate, if he were dead. See Thompson on Real Property, Vol. 5, Sec. 2721, p. 621.

■■ But we are not compelled to rely upon the first error assigned. We believe that no trust was created under the evidence and the jury verdict, and that whatever oral contract Sorrells had is unenforceable in the face of the Statute of Frauds. Art. 3995, Vernon's Ann.Civ.St.

■ In Lobban v. Wierhauser, Tex. Civ.App., 141 S.W.2d 384, writ refused, the rule is restated to the effect that an express trust must be supported by a valid consideration, and that such consideration may consist of a prior interest in the land involved, by a payment of the purchase price, or by a legal obligation to repay all or a part of the purchase price; and that the obligation of repayment may be payable at a fixed time, or on demand, or on an installment basis; but that there must be a legal obligation to repay.

The parol agreement as pleaded by Sorrells and as testified to by him does not measure up to the standard thus set. Boiling appellee's case down it cannot be said that any parol agreement, whereby any interest in the lands in controversy was then and there vested in Sorrells, was made.

Under the most liberal construction of Sorrells' testimony, he was to get an undetermined interest in the property, if any such interest remained, as and when enough of the mineral interest therein was sold sometime in the future for such a sum as would re-imburse Coffield for the purchase price that he had paid.

Sorrells was under no obligation to do anything toward the re-imbursement of the purchase price. So far as he was concerned he was at liberty to let the matter rest in Coffield's hands. Vol. 65 Corpus Juris, §§ 160 to 162, pp. 393 to 397.

It is our opinion that Sorrells relies upon an oral contract to convey to him an uncertain interest in land, at some future date, and after certain conditions precedent, which might never arise, are fully performed.

This case, in our opinion, comes within the rule laid down in Fitts v. Stone, 140 Tex. 206, 166 S.W.2d 897; Stone v. Boone, Tex.Civ.App., 160 S.W.2d 578, and Elbert v. Waples-Platter Co., Tex.Civ.App., 156 S.W.2d 146, writs refused, W.M.; Lobban v. Wierhauser, Tex.Civ.App., 141 S.W. 2d 384, writ refused, and Scott et al. v. Walker, Tex.Com.App., 170 S.W.2d 718.

In the last cited case Mr. Justice Smedley dwells upon the fact that in such a case as is presented in the record before us, Sorrells is not without his remedy, but that he has not established an interest in the land alleged to be held in trust.

The judgment of the trial court is reversed and judgment here rendered for appellant, Coffield.