FROMME v. WEST.

No. 12034.

Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1950.

Rehearing Denied Feb. 15, 1950.

Edward C. Thomas, Victoria, for appellant.

W. L. Edwards, Victoria, John G. Stofer, Victoria, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Roy West in the District Court of Victoria County, against Teresa Fromme, for sums alleged to be due him, growing out of an oral partnership agreement between the parties with respect to certain cattle, hogs and crops located on the lands of Teresa Fromme. The case was tried to a jury and upon answers favorable to appellee judgment was rendered for him in the sum of $5,296.00, from which judgment Teresa Fromme has prosecuted this appeal.

Appellant contends that there was no "partnership" existing between her and appellee and that, therefore, there should be no recovery against her. The record shows

that in September, 1946, appellant and appellee entered into an agreement for the purpose of farming and raising and selling cattle. The agreement was oral, and by its terms appellee agreed to look after and care for all the cattle owned by appellant and to pay for one-half of all feed bought, and one-half of all other expenses incident to the proper management of the cattle. He also agreed to farm approximately sixty-five acres of land, of which about ten acres was to be placed in cotton and the balance in feed stuff. The feed stuff raised was to be used for feeding the cattle, and appellee was to have a one-half interest in and to all the cattle on hand as of the date of the agreement, which were not ready for market, except the breeding cows and bulls already owned by appellant, and a one-half interest in and to all cattle born after the date of said agreement. Thereafter appellee took over the management and care of appellant's cattle and farmed said land, planting approximately ten acres in cotton and fifty-five acres in feed stuff. At the time the agreement was made there were on hand about eighty-five head of calves not ready for market. On or about the 27th day of October, 1947, appellant, without notice, terminated said agreement and denied that appellee had any interest whatever in said cattle and feed stuff, and ordered appellee to leave the premises.

■ The jury found, in answer to the special issues submitted to them: First, that appellant and appellee in September, 1946, made an agreement by the terms of which appellee was to have a one-half interest in the cattle alleged in plaintiff's petition to be in possession of Mrs. Fromme on her property in September, 1946, which were not then ready for market, and one-half interest in all calves born on said ranch during the existence of the agreement. Second, that appellee's one-half interest in the cattle was, on October 27, 1946, of the reasonable market value of $4,125.00. Third, that appellant and appellee made an agreement in September, 1946, whereby appellee acquired a one-half interest in the cotton to be grown on appellant's land in the year 1947. Fourth, that

the value of this cotton was the sum of $400.00. Fifth, that appellee acquired a one-half interest in the increase of two certain sows, of the value of $65.00. Sixth, that appellee acquired a one-half interest in the crop of hegari produced on appellant's property, of the value of $280.00. These findings of the jury are supported by sufficient evidence, and the trial court properly rendered judgment in favor of appellee against appellant for the sum total of these items.

■ Appellant contends that inasmuch as appellee described the relation existing between him and appellant as "a co-partnership," whereas no "co-partnership" existed between them, because appellee owned no interest in the land and cattle at the time the agreement was entered into, he could not recover against her. As we view the matter, it makes no difference whether the facts of this case would support a finding of the existence of a "partnership" between appellant and appellee, or whether the relationship between them was that of joint adventurers or some other relation. It is clear to us that these parties entered into an agreement whereby appellant agreed to furnish certain land, cattle and hogs, and appellee agreed to do certain work, for which he was to be rewarded by a one-half interest in the profits of the business, and it makes no difference whether this would technically constitute a "co-partnership" or not, he would be entitled to recover his part of the profits when the agreement was breached by appellant, as the jury found was done in this case.

Appellant cites the following cases: Strawn National Bank v. Marchbank, Tex. Civ.App., 74 S.W.2d 447; Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104; Coffield v. Sorrells, Tex.Civ.App., 183 S.W.2d 223; Friedlander v. Hillcoat, Tex.Sup., 14 S.W. 786; Myers v. Minnick, Tex.Civ. App., 187 S.W.2d 941; Paggi v. Quinn, Tex.Civ.App., 179 S.W.2d 789; to support her contention that no partnership existed between her and appellee. It will be noted that in those cases there was a third party attempting to establish the existence of a partnership, and, of course, in such cases, the question of partnership, vel non, be-

came an important question. But where the suit is between the two parties to an agreement the question of whether by the agreement they established the relation of "partnership" or some other relation is unimportant. Clearly, under the provisions of their agreement and the findings of the jury, appellee was entitled to recover his profit.

 Appellant also contends that the evidence was insufficient to support the findings of the jury as to the reasonable market value of the property involved. We overrule this contention. It is not necessary in a suit of this nature to establish the exact number of cattle or the exact amount of cotton or hegari in order to prove the reasonable market value of such property. All that is required is that the evidence be sufficient to enable the jury to fairly and accurately estimate the damage suffered by appellee. Providence-Washington Ins. Co. v. Owens, Tex.Civ.App., 207 S.W. 666.

The judgment of the trial court is affirmed.