**TOLLE et ux. v. SAWTELLE et al.**

No. 2917.

Court of Civil Appeals of Texas. Eastland.

Feb. 22, 1952.

Rehearing Denied March 21, 1952.

Morrison & Morrison, Big Spring, for appellants.

Thomas & Thomas, Big Spring, for appellees.

LONG, Justice.

Moree Sawtelle instituted this suit against J. D. Tolle and wife in trespass to try title to a house and lot in the city of Big Spring. Defendants answered by general denial. The trial court entered judgment divesting defendants of all right, title and interest in the property and vested title in plaintiff. From this judgment defendants have appealed.

The court submitted the following special issue to the jury which was answered in the affirmative: "Do you find from a preponderance of the evidence that at the time the property in question was deeded, it was purchased under an agreement, if any, between J. D. Tolle and his sister, Moree Sawtelle, to the effect that if he would make the down payment and get a loan on the place, she promised therefor to take care of their mother, Mrs. Laura B. Tolle, the rest of her life, and with the understanding that the place was to be the property of his sister, Moree Sawtelle, she to take care of all monthly payments, insurance and upkeep thereafter?

The evidence discloses that J. D. Tolle, appellant, and Mrs. Sawtelle, appellee, are brother and sister; that Laura B. Tolle, a widow, is their mother. In October, 1945,

Mrs. Laura B. Tolle became an invalid. When Mrs. Tolle became ill, Mrs. Sawtelle and her brother, J. D. Tolle, made a trip to Nevada where the mother was living. When they arrived in Nevada and saw her condition it was apparent to both Mrs. Sawtelle and Mr. Tolle that it was necessary for someone to take care of her. On their return trip from Nevada, J. D. Tolle advised his sister to go to Big Spring and buy a house that she wanted and that he would make the down payment and if she would take care of her mother the remainder of her life and keep up the payments on the loan, the property would be hers. Mrs. Sawtelle found a house in Big Spring that suited her which could be purchased for $4,750. J. D. Tolle made the down payment of $2,500 on the property and executed his notes for the balance of the consideration. The deed was taken in the name of J. D. Tolle and wife. It was the understanding between the parties that the deed would be so taken for the reason that Mrs. Sawtelle and her husband were not in good financial circumstances and probably could not get the loan. Mrs. Sawtelle and her family moved into the house on January 1, 1946. Thereafter, on February 5, 1946, Mrs. Tolle, the mother of the parties, moved into the house with her daughter, Mrs. Sawtelle. A short time thereafter the husband of Mrs. Sawtelle died. Mrs. Sawtelle throughout the years has taken care of her mother, made the payments on the loan and paid the taxes and insurance.

A short time prior to the filing of this suit, J. D. Tolle advised his sister that he had an offer of $16,000 for the place and that he was going to sell it. Thereafter, Mrs. Sawtelle filed this suit in trespass to try title. It is the contention of appellants that the evidence shows, as a matter of law, that J. D. Tolle was holding the property in question under an express parol trust for the benefit of his sister and is, therefore, inhibited by the Texas Trust Act, Art. 7425b–7, Vernon's Annotated Revised Civil Statutes.

It is the contention of appellee that the facts show a constructive or resulting trust and, therefore, does not come within the provisions of the above statute. Appellee relies solely upon the parol agreement between the parties to establish title to the land. Prior to the enactment of Section 7 of Art. 7425b, express parol trusts could be engrafted upon a deed absolute upon its face. However, since the enactment of this statute, the rule has been changed. As the law now exists, an express parol trust cannot be enforced. Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; Fitz-Gerald v. Hull, Tex.Sup., 237 S.W.2d 256; Morrison v. Farmer, 147 Tex. 122, 213 S.W.2d 813. It is also true that a constructive or resulting trust is not inhibited by the above article. Fitz-Gerald v. Hull, supra. If the facts show a constructive or resulting trust, the judgment should be sustained. Otherwise, it cannot be upheld. An express trust is defined in 54 Am.Jur., page 22, Sec. 5, as follows: "An express trust can come into existence only by the execution of an intention to create it by the one having legal and equitable dominion over the property made subject to it."

The same text, 54 Am.Jur., page 147, Sec. 188, defines resulting and constructive trust as follows: "Resulting and constructive trusts are distinguishable, but there is some confusion between them. From a practical viewpoint, a resulting trust involves primarily the operation of the equitable doctrine of consideration—the doctrine that valuable consideration and not legal title determines the equitable title or interest resulting from a transaction—whereas a constructive trust generally involves primarily a presence of fraud, in view of which equitable title or interest should be recognized in some person other than the taker or holder of the legal title.

Appellee contends that there was a confidential relationship existing between the parties, and, therefore, under the holdings of Fitz-Gerald v. Hull, supra, and Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985, a constructive trust is shown and the judgment of the trial court should be affirmed. This case is distinguishable from Fitz-Gerald v. Hull and Mills v. Gray upon the facts. In Mills v. Gray, Mrs. Gray conveyed to her son, Harry Mills, a house and lot on Broadway Street in Fort Worth to be held by him

in trust for the benefit of his mother and his brothers and sisters. With the knowledge and consent of Mrs. Gray, Mills sold the Broadway property and used the money in purchasing a house and lot in Riverside in Fort Worth. Mrs. Gray contended that it was the agreement between her and her son that he was to use the proceeds of the sale of the Broadway property in purchasing the Riverside property and that the title to the Riverside property would be vested in her; that in violation of such agreement, her son caused the title to be placed in his name. Our Supreme Court, under this state of facts, held a constructive trust arose in the Riverside property in favor of Mrs. Mills.

In Fitz-Gerald v. Hull, Green, Hull and Fitz-Gerald were engaged in a joint adventure in purchasing oil and gas leases. They entered into an agreement that they would purchase a lease on the Coble lands each paying one-third of the consideration and the title thereto would be taken in the name of all three of the partners. Fitz-Gerald, in violation of their agreement, purchased the lease in his name. Our Supreme Court held that under these facts a constructive trust arose in favor of Hull and Green. In the instant case, the agreement between the parties was that the title to the property was to be taken in the name of appellants and no part of the consideration was paid by appellee. Appellants paid all of the consideration, that is, they paid the down payment of $2,500 and executed notes for the remainder of the purchase price. There was no agreement between the parties that the title was to be taken in the name of Mrs. Sawtelle or in the name of Mrs. Sawtelle and her brother. It will thus be seen that appellant Tolle violated no agreement with appellee at the time he purchased the property. He did breach the agreement with his sister after he acquired title to the property. "Breach of an agreement by one to purchase property in his own name, with his own money, and to let another have the property upon paying for it, does not in itself constitute such fraud or breach of confidence as to raise a constructive trust, and where the contract is oral and within the statute of frauds it cannot be taken out of the statute on the theory of a constructive trust based merely on the breach." 54 Am.Jur., page 180, Sec. 236.

■ Appellee paid no part of the consideration, neither did she become obligated upon the notes executed by appellants. It is true that she agreed with her brother that she would take care of their mother as long as the mother lived, make the monthly payments on the loan and pay the taxes and insurance on the property. She has complied with her part of the agreement in every respect. The agreement she made with appellant and her subsequent actions in carrying out the agreement were no part of the consideration paid the grantor for the deed to appellant. The facts show a parol agreement to convey land. The title, both legal and equitable, vested in appellants at the time of the execution and delivery to them of the deed, hence the parol agreement to convey cannot be enforced under the doctrine laid down by our Supreme Court in the case of Allen v. Allen, 101 Tex. 362, 107 S.W. 528. A resulting trust arises by operation of law when title is conveyed to one person but the purchase price is paid by another. However, such a trust arises out of the transaction and must arise at the very time when the title passes. The title was not to vest in Mrs. Sawtelle until she had complied with the agreement. The agreement she made with her brother was not a part of the consideration paid by him for the land and does not enter into the title. Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Allen v. Allen, supra. Nothing that was done by Mrs. Sawtelle after the deed was delivered could be effective to create in her favor a resulting trust and no trust would arise in her favor by virtue of the dealings between her and her brother subsequent to the execution and delivery thereof. Wright v. Wright, 134 Tex. 82, 132 S.W.2d 847; Hayworth v. Williams, 102 Tex. 308, 116 S.W. 43; Cluck v. Sheets, 141 Tex. 219, 171 S.W.2d 860.

The title to the property having vested in appellants it could not thereafter be divested except by a transmission according to some of the forms recognized by law.

The subsequent payment by Mrs. Sawtelle of the purchase money notes, the taxes and insurance and the care she gave her mother were not sufficient to shift the title or engraft a trust on the land. Guest v. Guest, Tex.Civ.App., 208 S.W. 547. The agreement between the parties made prior to the time of the delivery of the deed could not engraft a trust on the land. The agreement was a contract for the sale of land and hence unenforceable under our statute of frauds. Fitts v. Stone, 140 Tex. 206, 166 S.W.2d 897. The breach of such agreement would not give rise to a constructive trust.

Before appellee could recover in a suit of trespass to try title, she must show that she has the superior title to the land. Under the agreement she was not to have title to the property until she had taken care of her mother as long as the mother lived and paid all of the loan. Her mother is still living and there are still payments to be made upon the purchase money loan. It will thus be seen she failed to discharge the burden imposed upon her.

Appellee cannot recover upon the theory of a constructive or resulting trust. The case was tried upon the wrong theory, and, therefore, the judgment of the trial court is accordingly reversed and the cause remanded. See Morrison v. Farmer, supra.

Reversed and remanded.