

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 4, 1958

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Dear Mr. Harrison:

Opinion No. WW-443

Re: "Does a group life insurance
policy issued to a securities
dealer-seller covering purchases
of securities come within the
permitted coverages of Article
3.50, Texas Insurance Code?"

We quote from your letter requesting our opinion on the above
styled question in part as follows:

"A life insurance company doing business in this State
has filed for the approval of this department a group life
insurance policy to be used in this State which would be
issued to a seller or dealer of securities. The policy
would cover the lives of the purchasers of securities from
the dealer-seller for a principal amount which would be
equal to the unpaid balance owed to the seller-dealer by
the purchaser on securities bought in accordance with a
purchase agreement. . . . Under the terms of this agree-
ment the purchaser agrees to obtain a certain amount of
securities from the dealer-seller on an installment pay-
ment basis.

"However, the purchase agreement provides that the
purchaser may terminate his obligations under the agree-
ment at any time by merely giving notice to the seller-
dealer that he does not wish to go through with the agree-
ment. Upon such termination the purchaser is entitled to
receive the total amount of securities fully paid for by
past installment payments, and upon termination the pur-
chaser does not owe the seller-dealer any debt or obliga-
tion and the purchaser is relieved entirely from making
further installment payments to the seller-dealer.

"If the option to terminate has not been exercised
prior to the death of the purchaser, the option to ter-
minate is destroyed, and all unpaid installments under
the agreement become immediately due and payable as a
binding obligation upon the estate of the deceased pur-
chaser.

"We respectfully request your opinion as to whether the option to terminate the purchase agreement in the manner heretofore described removes the purchaser of such securities from the category of 'debtors' eligible for insurance under Article 3.50, Section 1 (4) (a), Texas Insurance Code, or do such purchasers actually constitute 'debtors' within the meaning of Article 3.50, so as to authorize this department to approve the policy form contract as being a permitted coverage of Article 3.50 of the Code."

Section 1 of Article 3.50 provides in part that, "no policy of group insurance shall be delivered in this State unless it conforms to one of the following descriptions:" Section 4 of Article 3.50 provides that:

"A policy issued to a creditor who shall be deemed the policyholder, to insure debtors of the creditor, subject to the following requirements:

"(a) The debtors eligible for insurance under the policy shall all be members of a group of persons numbering not less than fifty (50) at all times, . . . or who became purchasers of securities, . . . from one vendor under agreement . . . to pay the balance of the price of the securities, . . . purchase to the extent of their respective indebtedness to said financial institution or vendor, . . ."

Paragraph 3 of the purchase agreement involved herein contains the following clause:

"But I reserve the right at any time during my lifetime to terminate this agreement, discontinue further payments and receive the shares I have fully paid for as provided for in paragraph 8 on page 4."

Paragraph 8 on page 4 of the purchase agreement states in part that:

"The program of an investor may be terminated during the life of the investor, without penalty or obligation, by either the investor or by . . ., by written notice given by one party to the other party. . ."

Paragraph 9 on page 4 provides in part:

"In the event of the death of an investor prior to termination of his program, this agreement shall be binding

upon his estate and the amount of all monthly or quarterly payments remaining unpaid under the Investor's Program shall become immediately due and payable by his estate in one payment."

The policy of insurance filed for approval by this department under the debtors "eligible" clause provides that:

"The class of debtors eligible for insurance hereunder shall include each person who submits evidence of insurability satisfactory to the company and who resides in one of the places named in the list of approved places contained in this policy and who subscribes to a systematic investment program, with insurance, of ABC investment program, for the purchase through the creditor of shares of ABC fund, which program provides:

". . .

"(c) For the right of the debtor to terminate his participation in such program and further obligation thereunder:"

Under the fact situation you have outlined in your request letter and by the very terms of the contract of insurance filed for approval and the purchase agreement thereunder, the purchaser herein cannot be truly deemed a debtor since he retains the unqualified option to terminate the agreement, discontinue further payments and receive only those shares fully paid for; and as to the remaining shares originally contracted for, after termination, the purchaser has no obligation to purchase them and owes no payment thereon.

"A debtor is one who owes something to another person, or, one who is under obligation, arising from express agreement, implication of law, or from the principals of natural justice, to render and pay a sum of money to another, 13 Tex. Jur. 690, Section 2.

"A creditor has been defined to be one to whom a debt is owed by another person, called the debtor. Also, he is one who has a right to require of another the fulfillment of a contract or an obligation;" 13 Tex. Jur. 690, Section 3.

The relation of debtor and creditor does not exist where neither of the parties owes the other anything. Lobban v. Wierhauser, 141 S.W.2d 384 (Tex.Civ.App. 1940) error ref.).

No enforceable obligation arises under the purchase agreement until after the purchaser, because of his demise, ceases to exist and the obligation is then only against his estate. There is no "debtor" in existence at the time the policy is to be issued.

Therefore, we hold in answer to your question that a purchaser of securities under the fact situation outlined by you does not fall within the category of "debtors" eligible for insurance under Article 3.50, Section 1 (4) (a), Texas Insurance Code.

## SUMMARY

A purchaser of securities who retains an unqualified option to terminate the agreement and relieve himself of further obligation thereon is not properly a debtor eligible for insurance as contemplated by Section 1 (4) (a) of Article 3.50, Texas Insurance Code.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Richard A. Wells
Richard A. Wells
Assistant

RAW:lm

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Fred B. Werkenthin
C. K. Richards
Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert