**Concetta Marie ALLEN, Appellant,**

v.

**Erasmo RODRIGUEZ, Jr., Administrator of the Estate of Charles L. Bludworth, Deceased, Appellee.**

**No. 11936.**

Court of Civil Appeals of Texas, Austin.

April 26, 1972.

Rehearing Denied May 17, 1972.

Procter & Jones, John V. Elick, Austin, for appellant.

Davenport & Davenport, John Davenport, Fairy Davenport Rutland, Austin, for appellee.

PHILLIPS, Chief Justice.

Erasmo Rodriguez, Jr., Administrator of the Estate of Charles L. Bludworth, Deceased, brought suit in the trial court to recover possession of a 1971 Oldsmobile automobile from Appellant, Concetta Marie Allen. Appellant claimed ownership, or partial ownership, of the automobile because a 1965 Chevrolet she owned was traded in on purchase of the 1971 Oldsmobile. Trial was to the court with a judgment rendered that legal title to the Oldsmobile was in the estate of Bludworth and that Appellee Rodriguez was entitled to

possession, denying possession and any claim of ownership to the Appellant. From this judgment Appellant has perfected her appeal to this Court.

We reverse the judgment of the trial court and remand the case for a new trial.

 Appellant is before us on three points of error, but because of the disposition of the second point we need not consider the other two points. Appellant's second point is that the trial court erred in not impressing a resulting trust on the 1971 Oldsmobile, since the court found that the Appellant's Chevrolet was part of the down payment on the Oldsmobile.

The trial court below made seven requested findings of fact and five conclusions of law. Among these, the court found that "Defendant's 1965 Chevrolet was applied as part of the down payment" for the Oldsmobile purchased. Such finding under the circumstances is sufficient to establish a resulting purchase money trust in favor of the Appellant, whose name does not appear on the certificate of title, but whose name does appear as a buyer on the sales contract.

When a part of the purchase money is contributed by the person whose name does not appear on the title, the ownership of such person extends to the proportion that his contribution bears to the total price, and a trust will be impressed on a *pro tanto* basis. 57 Tex.Jur.2d, § 44, p. 427, and cases there cited. The basis of a resulting trust is the equitable doctrine of consideration and arises by operation of law when a party furnishes valuable consideration but does not take legal title to the property. Tolle v. Sawtelle, 246 S.W. 2d 916 (Tex.Civ.App.1952, error ref'd). While most instances involve realty, any type of property may be impressed with a resulting trust. Christopher v. Davis, 284 S.W. 253 (Tex.Civ.App.1926, error ref'd).

We reverse the judgment of the trial court for its error in refusing the Appellant an equitable trust in the Oldsmobile.

The trial court, therefore, erred in awarding the Administrator sole possession of the Oldsmobile. No precedent has been presented to this Court, nor do we find any, which supports the theory that the personal representative is entitled to sole possession of property of the decedent owned in common with others. The record is incomplete and it is impossible for us to determine from the facts presented the correct measure of the trust; therefore, we remand the cause to the trial court for a new trial.

Reversed and remanded.