George A. WHEELER and Arlon L. Wheeler, Appellants,

v.

BLACKLANDS PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 18607.

Court of Appeals of Texas, Fort Worth.

Feb. 4, 1982.

Pettigrew, Wagner & Pettigrew and Forrest W. Wagner, Grand Prairie, for appellants.

Kelsey, Wood, Gregory, Duncan & Holt, Richard H. Kelsey, Denton, for appellee.

Before MASSEY, C.J., and JORDAN and HOLMAN, JJ.

## OPINION

JORDAN, Justice.

This is a constructive trust case. Suit was filed by appellee, Blacklands Credit Association, against appellants, George A. and Arlon L. Wheeler, to establish a constructive trust on five certain properties allegedly conveyed by George A. Wheeler to Arlon L. Wheeler, who were brothers, with the intent to hinder, delay, or defraud appellee, a creditor of George A. Wheeler. The suit also was to set aside these five conveyances. The parties will be referred to as Blacklands, appellee herein, and as George A. and Arlon L. Wheeler, or the Wheelers, appellants. The trial court established a constructive trust on the subject properties and also established a constructive trust over all other property of Arlon L. Wheeler until such time that Arlon L. Wheeler paid over to Blacklands one-half of the revenues received from all property conveyed to him by his brother, George A. Wheeler. The Wheelers appeal on three points of error.

We reform the judgment of the trial court and, as reformed, affirm.

A brief review of the facts is necessary to an understanding of the judgment which is the subject of this appeal. In December of 1973, George A. and Arlon L. Wheeler, brothers, doing business as the Diamond C Ranch, a Texas general partnership, borrowed $173,207.00 from Blacklands Production Credit Association. This loan was secured by a security interest in certain livestock and farm equipment. The Wheeler brothers became delinquent in their indebtedness and in 1975, after all the collateral was sold and the proceeds applied to the indebtedness, there remained due Blacklands approximately $140,000.00. Blacklands then sued the partnership and Arlon L. Wheeler for the balance of the indebtedness, but before final judgment could be obtained, Arlon L. Wheeler and the partnership were adjudicated bankrupt on a voluntary petition in bankruptcy filed by Arlon L. Wheeler on December 22, 1976. Shortly thereafter, Blacklands sued George A. Wheeler and on July 18, 1978, secured a judgment for all of the balance of the indebtedness due Blacklands at that time. This judgment was abstracted in Upshur, Tarrant and Dallas counties.

The mother of George A. and Arlon L. Wheeler died July 1, 1977 and all of her estate was devised and bequeathed to George A. and Arlon L. Wheeler equally. This estate included the ranch property in Upshur County as well as two duplexes and a motel in Dallas County, and a house in Fort Worth, Texas.

In late July, 1977, George A. Wheeler conveyed his one-half interest in the estate inherited from his mother which included the five properties mentioned above, to his brother, Arlon L. Wheeler. It was the Wheeler brothers' contention that this conveyance by George to Arlon was in payment of a debt incurred by George to Arlon in the operation of the cattle business. After the conveyance of these properties to Arlon L. Wheeler, the two duplexes were condemned by the State of Texas, the motel property was sold to a third party, and the house in Fort Worth, Texas was conveyed to a daughter of George A. Wheeler. Title

to the Upshur County ranch remained in Arlon L. Wheeler.

Blacklands then brought suit in Upshur County, Texas, to set aside the conveyances of the five properties to Arlon L. Wheeler on the ground that they were made with the intent to hinder, delay, or defraud Blacklands. The suit against George A. Wheeler was transferred to Tarrant County, Texas, on his plea of privilege, and although Arlon L. Wheeler's plea of privilege to be sued in the county of his residence was sustained, he agreed and consented to jurisdiction of the Tarrant County District Court. Trial was held to a jury which found, in answer to three special issues, that the conveyances of the property in question to Arlon L. Wheeler were intended to hinder, delay or defraud Blacklands, that Arlon L. Wheeler did not act in good faith in accepting these conveyances, and that at the time of the conveyances George A. Wheeler was not indebted to Arlon L. Wheeler.

Based on this verdict, the trial court decreed all of the above mentioned conveyances fraudulent and void as to Blacklands, ordered that the conveyance of the Upshur County ranch to Arlon be cancelled, set aside and held for naught, and then ordered that a constructive trust be established on one-half of all the proceeds of the sale of the properties to third parties. The court further ordered that a constructive trust be established on all assets of Arlon L. Wheeler until a full and complete accounting was made by him to Blacklands and until Arlon L. Wheeler had remitted to plaintiff his undivided one-half interest in the proceeds from the other properties.

In their first point of error, appellants Wheeler say that the trial court erred in establishing a constructive trust on the property involved in the fraudulent conveyances because appellee, Blacklands Production Credit Association, had no interest in or connection with properties in question, but was simply an unsecured creditor. They point out that Blacklands never had any legal title to any of the subject property nor did they at anytime have a lien

against any of these properties. The Wheelers contend that a review of the cases in which a constructive trust was imposed by the court will reveal that in every instance, the beneficiary of the trust had some interest in or connection with the property which was the subject of the constructive trust.

Blacklands, on the other hand, contends that while appellants correctly state the rule that in order to establish a constructive trust, the party in whose favor such trust is decreed must have some interest in the property, that interest does not have to be one of technical legal ownership. A claim of right, Blacklands insists, is sufficient to support the creation of a constructive trust by a court of equity. Blacklands argues that as a judgment creditor of George A. Wheeler it had sufficient interest in the property fraudulently conveyed from George A. to Arlon L. Wheeler to entitle it to the creation of a constructive trust on those properties. We agree with this contention and overrule the Wheelers' first point of error.

Neither party has cited a case in the briefs which specifically holds that a general creditor, or unsecured creditor, has sufficient proprietary interest in property fraudulently conveyed to be entitled to the creation of a constructive trust on the property in its favor. However, we are convinced, that under general equitable principles of fraudulent conveyances and unconscionable conduct, the constructive trust here created for Blacklands, a creditor of George A. Wheeler, was proper. It is undisputed that all of this property fraudulently conveyed by George A. Wheeler to Arlon L. Wheeler was subject to execution, and but for the fraudulent conveyance, Blacklands could have levied execution on these properties to enforce its 1978 judgment against George.

Texas law clearly recognizes the specific interests of the creditor in property subject to execution which has been fraudulently transferred. Section 24.02, V.T.C.A., Business and Commerce Code, provides that a transfer of real or personal property is void with respect to a *creditor*, purchaser or oth-

er interested person if the transfer was intended to delay or hinder any *creditor*, purchaser or other interested person from obtaining that to which he is, or may become, entitled. This statute certainly identifies or signifies a litigable interest of the creditor in property conveyed in violation thereof. It is to be remembered that the jury in this case found that the conveyances of the property from George to Arlon Wheeler were intended to hinder, delay or defraud Blacklands. It was because of this and the other two findings that the trial court imposed the constructive trust on the properties involved in those conveyances.

■ A constructive trust is an equitable device used by courts of equity to remedy a wrong. Its scope and application, within some limitations, is generally left to the discretion of the court imposing same. In 4 Pomeroy's Equity, 5th Edition, Section 1053, it is said: "In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means, or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, *although he may never perhaps have had any legal estate therein*; and a court of equity has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust. The forms and varieties of these trusts, which are termed *ex maleficio* or *ex delicto*, are practically without limit. The principle is applied wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrong-doer." (Emphasis ours.)

Blacklands' position that as a creditor they were entitled to a constructive trust on the subject property finds support in another of the authorities on the law of trusts. See sec. 475, Bogert, Trust and Trustees, 2d edition revised: "If a debtor transfers his property to another with the intention of hindering, delaying, or defeating his *creditors*, the transferee cannot hold the property in equity as against the *creditors*, and they may secure the benefit of the property by a decree making the transferee a constructive trustee for them, assuming the transferee is not protected as a bona fide purchaser." (Citing many cases, including *Scott v. Cohrs*, 321 S.W.2d 643, (Tex.Civ. App.—Waco 1959); *Cohrs v. Scott*, 338 S.W.2d 127, 161 Tex. 111, (1960).)

See also *Scott on Trust*, Vol. V, sections 462 et seq.

There is not an abundance of Texas authority on appellant's point that the creation of the constructive trust here was erroneous because appellee had no proprietary interest in the property. However, *Meadows v. Bierschwale*, 516 S.W.2d 125, (Tex., 1974) holds directly contrary to appellants' position.

In this case, one Bierschwale and two others sold an apartment complex in Houston to Oakes who paid for the apartment complex by assigning 59 promissory notes payable to him executed by others. Oakes transferred the apartment complex to United Properties, Inc., who in turn transferred it to one Goldman, a bona fide purchaser. Consideration for the Goldman transfer was $40,000.00 in cash plus 24 notes. Appellant Meadows was a real estate broker responsible for the sale of the apartment complex from Bierschwale, et al. to Oakes. At Bierschwale's request, Oakes transferred 12 of the 59 notes due Bierschwale to Meadows in payment of Meadows' real estate commission.

The notes given by Oakes to Bierschwale and Meadows proved to be worthless and Bierschwale filed suit to rescind the original transaction and to impress a constructive trust on the proceeds of the Goldman sale. The trial court imposed a constructive trust

on the proceeds in favor of both Bierschwale and Meadows. The Court of Civil Appeals affirmed as to Bierschwale but denied Meadows a share in the constructive trust res. The Supreme Court reversed as to Meadows and remanded the cause to the trial court, holding that Meadows, the real estate broker, was entitled to a constructive trust on the proceeds of the Goldman sale in the same proportion that the notes held by him individually bear to the total of the notes transferred to him and Bierschwale by Oakes.

*Bierschwale had contended, as the Wheelers contend, that Meadows was not entitled to a constructive trust on the proceeds because he had never held a proprietary interest in the apartment complex which formed the basis of the constructive trust res.* The Supreme Court disagreed, saying: "We feel that these arguments presume an unduly restrictive view of the remedy of constructive trust...

"Constructive trusts, being remedial in character, have the very broad function of redressing wrong or unjust enrichment in keeping with basic principles of equity and justice. (Citing cases). A transaction may, depending on the circumstances, provide the basis for a constructive trust where one party to that transaction holds funds which in equity and good conscience should be possessed by another. (Citing cases). Moreover, there is no unyielding formula to which a court of equity is bound in decreeing a constructive trust, since the equity of the transaction will shape the measure of relief granted. *Magee v. Young*, 145 Tex. 485, 198 S.W.2d 883 (1946). *See* 89 C.J.S. Trusts § 139 at 1020; 54 Am.Jur. Trusts §§ 218, 219, 220. In *Magee v. Young, supra*, this court, indicating the flexibility of the constructive trust remedy, stated, '[i]n order to satisfy the demands of justice, courts of equity will indulge in presumptions and even pure fiction.' 198 S.W.2d 883 at 885....

"It is thus apparent, considering the broad and flexible nature of the constructive trust remedy, that this court may not only properly impose a constructive trust on the proceeds of the Goldman sale in favor of Bierschwale but also extend its applicability to Meadows as well...."

For the reasons stated, the Wheelers' first point of error is overruled.

The Wheeler brothers' second point of error is that the trial court erred in including in the res of the constructive trust other property of Arlon L. Wheeler's in addition to the five properties fraudulently conveyed by George A. to Arlon L. Wheeler. In a related third point, the Wheelers contend that the trial court was in error in including in the res of the constructive trust property which was not specific identifiable property. These points of error will be discussed together.

The trial court's judgment, in addition to creating the constructive trust in favor of Blacklands on the 55 properties conveyed by George to Arlon Wheeler, went further and stated: "*All of the assets* of ARLON L. WHEELER shall be subject to such constructive trust unless and until a full and complete accounting is by him made to BLACKLANDS PRODUCTION CREDIT ASSOCIATION OF MEXIA, Plaintiff, and until ARLON L. WHEELER has remitted to Plaintiff its undivided one-half interest in the proceeds of sale of the fraudulently transferred property together with an undivided one-half interest in the net revenue from such transfers since the date of transfers...."

■ We think the Wheelers' points of errors with respect to the constructive trust on all other assets of Arlon L. Wheeler are well taken. We think, as we will show, that the constructive trust in favor of Blacklands should have been limited to the original properties owned jointly by George A. and Arlon L. Wheeler, which were conveyed by George to Arlon to hinder, defraud, and delay Blacklands in the collection of its just debt. No authority is cited in Blacklands' brief for the creation of the constructive trust on all other assets of Arlon L. Wheeler. Blacklands simply argues that the trial court was attempting to fashion a fair and adequate remedy to make Blacklands whole following the fraudulent conveyances, and

to restore Blacklands to the position it was in prior to such conveyances when they could have levied execution on the subject properties. This desire was perhaps laudable, but the remedy devised by counsel for Blacklands and the trial court went beyond any remedies permitted under the equitable constructive trust theory.

The very nature of a constructive trust presupposes a wrongful taking by B of property owned equitably or legally by A, or to which A has some claim of right. In such a situation, the law imposes a constructive trust on that property and any proceeds from the sale thereof, or revenues therefrom, for the benefit of A. There must of necessity be specific property, the subject of the inequitable transaction, before a constructive trust may be imposed. Definitive, designated property, wrongfully withheld from another, is the very heart and soul of the constructive trust theory.

The principle is stated in Restatement of the Law Restitution sec. 160(i) on p. 648: "*Necessity of trust property.* A constructive trust does not arise unless there is property on which the constructive trust can be fastened, and such property is held by the person to be charged as constructive trustee. Thus, although a constructive trust arises where a transfer of title to land or a chattel or a chose in action is obtained by fraud, yet where by fraud a person is induced to render services, no constructive trust arises, even though the person rendering the services is entitled to recover the value of his services . . ." All of the cases and the authorities on the subject, speak of a constructive trust only with respect to specific property which has been wrongfully taken from another who is equitably entitled to it.

In *Bogert,* Trust and Trustees, 2d ed revised, sec. 471, p. 9, the following statement is made: "In order to obtain a constructive trust the plaintiff must identify specific property as the res of the trust to which he is entitled. Mere breach of contract does not entitle the complainant to a constructive trust, nor does proof that defendant has been guilty of some wrongdoing and has assets that could be used to satisfy the complainants' claim."

In order that a court may fasten a constructive trust on a defendant it must find particular property on which attachment can be obtained. *Bradford v. Chase Nat. Bank of City of New York,* D.C.N.Y. (1938), 24 F.Supp. 28, affirmed *Berger v. Chase Nat. Bank of City of New York,* C.C.A., 105 F.2d 1001, affirmed, 309 U.S. 632, 60 S.Ct. 707, 84 L.Ed. 990, rehearing denied 309 U.S. 698, 60 S.Ct. 885, 84 L.Ed. 1037.

In order to fasten a constructive trust on property owned by the defendant, some particular property must be identified as to which plaintiff has an equity. *Wier v. Kansas City,* 204 S.W.2d 268, 356 (Missouri 1947).

In the case of *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, (Tex.Civ.App.—Amarillo—1979), plaintiff alleged that she had given money to a friend for investment in an oil company owned and operated by the friend's son, but that she never received any interest in the oil company. Thereafter, the son transferred the assets of his company to defendant corporation in return for shares of defendant corporation. Plaintiff sought to impose a constructive trust on the assets of defendant. Where the plaintiff could not trace her funds beyond her friend to the defendant corporation no constructive trust could be imposed. Plaintiff's alleged one-quarter interest in the mineral properties acquired by the son's company could not be followed into defendant's hands; the assets of defendant were not the res of the trust plaintiff sought to establish.

Before a constructive trust can be imposed on property belonging to one wrongfully withholding that property from another who has an equitable claim to it, it must be established that the property subjected to the constructive trust is the property, or the proceeds from the sale thereof, or revenues therefrom, that was somehow wrongfully taken.

The appellant's second and third points of error are sustained and the judgment is reformed so as to eliminate that part thereof which grants to Blacklands a constructive trust on all of the assets of Arlon L. Wheeler. The next to last paragraph on page 3 of the Court's judgment is hereby deleted and held for naught. The constructive trust with respect to the Upshur County ranch conveyed by George A. to Arlon L. Wheeler, and with respect to the proceeds of sale of the other four items of property so conveyed is upheld as valid on the remaining properties in the hands of Arlon L. Wheeler, Blacklands will have a constructive trust on its one-half interest in the Upshur County ranch and on one-half of the proceeds due and owing from the promissory note as a result of the sale of the motel property in Dallas County, Texas.

As so reformed the judgment is affirmed.