**Fidel M. HERNANDEZ, Appellant,**

v.

**Lidia R. HERNANDEZ, Appellee.**

**No. 13–85–047–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 27, 1985.

Frank G. Davila, Corpus Christi, for appellant.

Carl C. Chase, Jr., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

DORSEY, Justice.

This is an appeal of the division of community property in connection with the divorce of the parties and the setting aside of the wife's separate property to her.

Appellant and appellee were married October 2, 1968, and were separated in July of 1983. Appellee, prior to her marriage to appellant, purchased a house and lot located at 2501 Niagara Street, Corpus Christi,

Texas. In 1972 a hurricane damaged the house and a loan of $10,700.00 was secured to rebuild the house and replace furnishings, with both husband and wife signing the note. The house was rebuilt and the parties resided in it until the action for divorce. There were no minor children nor children under disability.

Appellant maintains that the new home built through the use of community funds and credit constitutes community property. In the alternative, appellant claims that the community estate is entitled to reimbursement for the enhancement in value of the wife's separate property that occurred as a result of the expenditure of community funds.

■ Appellant's first point of error alleges that the trial court erred in ruling that the house and lot were the separate property of appellee, because she did not specifically plead the existence of separate property and her entitlement to it as required by TEX.R.CIV.P. 301.

Appellant did not object to the introduction of evidence as to the character and nature of the house and lot. The issue, then, was tried by consent, and shall be treated as if it had been raised in the pleadings. *Roach v. Roach,* 672 S.W.2d 524, 529 (Tex.App.—Amarillo 1984, no writ); *Woodworth v. Cortez,* 660 S.W.2d 561, 564 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Uranga v. Uranga,* 527 S.W.2d 761, 763 (Tex.Civ.App.—San Antonio 1975, writ dism'd).

■ Evidence by testimony, warranty deed and sworn inventory established that appellee purchased and paid for the house and lot prior to her marriage to appellant. Appellant's attorney conceded that "Respondent has no objects [sic] to the issue that Petitioner owned the lot and the original house ... [as] separate property."

The nature of property as separate or community is determined at the time of its acquisition. *Henry S. Miller Co. v. Evans,* 452 S.W.2d 426, 430 (Tex.1970); *Villareal v. Villareal,* 618 S.W.2d 99, 100 (Tex.Civ.App.—Corpus Christi 1981, no writ). The mere fact that community funds were used to improve separate property does not change the status of the property. When community funds in some way improve the separate estate of one of the parties, the right of reimbursement applies. Reimbursement is only a claim for the return of funds and is not a right, title or interest in the land. *Vallone v. Vallone,* 644 S.W.2d 455, 458 (Tex.1982); *Burton v. Bell,* 380 S.W.2d 561, 564–65 (Tex.1964); *Girard v. Girard,* 521 S.W.2d 714, 717 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

The trial court did not err in ruling the house and lot were appellee's separate property. Appellant's first point of error is overruled.

Appellant's second point of error alleges the trial court erred in not allowing reimbursement to the community estate for the enhancement in value of the separate estate rather than reimbursement only for the actual cost of the improvement.

The correct amount of reimbursement for funds expended by an estate for improvements to another estate is to be measured by the enhancement in value to the benefited estate. *Anderson v. Gilliland,* 684 S.W.2d 673 (Tex.1985). The Texas Supreme Court reasoned that the benefited estate should be required to pay no more and no less than the amount in which it was benefited by the other estate. The Court held that the "cost only" and "enhancement or cost, whichever is less" rules would permit inequitable results in such a case. *Anderson,* 684 S.W.2d at 675.

■ However, the party claiming the equitable right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursible. *Vallone v. Vallone,* 644 S.W.2d 455, 459 (Tex.1982); *Burton v. Bell,* 380 S.W.2d 561 (Tex.1964); *Wachendorfer v. Wachendorfer,* 615 S.W.2d 852, 854 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Appellant filed only a general denial, and attempts to introduce evidence as to the increase in value as a result of the community expenditures

met with objection. This issue cannot be said to have been tried by consent. No trial amendment of the pleadings was sought.

The trial court concluded that because appellant failed to plead that he was entitled to any claim for reimbursement, no evidence would be heard. "In the absence of pleadings either specifically for or referrable to reimbursement ... such recovery is waived...." *Vallone,* 644 S.W.2d at 459; *see Burton,* 380 S.W.2d at 567. *But see Jensen v. Jensen,* 665 S.W.2d 107, 110–111 (Tex.1984).

■ However, the trial court *did* consider the equities of the community contribution and the benefits to each estate. The court found that the community estate benefited for sixteen years by living on the property rent-free and that the benefits derived by the community estate's use of the property outweighed the value of the improvements placed on the property after the loss of the original improvements by the hurricane.

The right of reimbursement is an equitable one and should be determined by equitable principles. *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620, 627 (Tex.1935). The trial court weighed the equities and determined that appellant was not entitled to reimbursement. In so holding, it did not err.

Appellant's second point of error is overruled.

Appellant's third point of error alleges that the trial court abused its discretion in the division of the community estate.

The Texas Family Code § 3.63 provides for the "division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX.FAM.CODE ANN. § 3.63 (Vernon 1975). The trial court has broad discretion in its division of the estates of the parties and it is presumed that the trial court exercised its discretion properly. Absent a clear showing of an abuse of discretion, the trial court's property division will

not be disturbed. *Murff v. Murff,* 615 S.W.2d 696, 698–699 (Tex.1981); *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974). In order to show an abuse of discretion, appellant has the burden of showing that the property division was so disproportionate as to be manifestly unfair. *Reid v. Reid,* 658 S.W.2d 863, 865 (Tex.App.—Corpus Christi 1983, no writ).

■ The record shows that the trial court considered and equitably distributed each of the community assets and debts. The community estate consisted of a restaurant business with equipment, a welding business with necessary equipment and inventory, two trucks, one automobile, a $27,-000 note receivable, cash on hand, debts, household furnishings, guns and miscellaneous personalty. The trial court divided the community estate in great detail, awarding appellant and appellee their respective businesses with necessary business equipment, divided evenly the $27,000 note receivable and the net cash after the payment of debts, awarding appellant two trucks and ten guns, a refrigerator, two rooms of furniture, washer and dryer, and one-half of the dishes, linens, and cooking utensils, and awarding appellee similar personalty.

We have reviewed the division of community assets and debts and find no abuse of discretion. To the contrary, the division appears to be a carefully balanced and equitable division of the parties' community estate. Appellant's third point of error is overruled.

■ Appellant's fourth point of error contends that the trial court erred in allowing appellant's motion for new trial to be overruled by operation of law. Appellant argues that he was entitled to a new trial because of newly discovered evidence: the existence of a common-law marriage between himself and appellee prior to the time appellee purchased the house and lot.

· Newly discovered evidence means a material fact that has come to light since the trial. In addition to showing that the evidence is newly discovered, the movant

must show that it was not owing to want of due diligence that it was not discovered sooner, that it is not cumulative, and that it is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983); *McInnes v. Yamaha Motor Corp., U.S.A.*, 659 S.W.2d 704, 714 (Tex.App.—Corpus Christi 1983), *aff'd*, 673 S.W.2d 185 (Tex.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985).

Appellee's petition for divorce alleged the date of the parties' marriage as October 2, 1968. Appellant never objected to that date nor offered evidence to contradict it or suggest an earlier date prior to his filing his motion for new trial. If a common-law marriage had existed, appellant, having been a party, certainly would have known of it as a present intention to marry is at the heart of the informal marriage. The trial court did not abuse its discretion in allowing appellant's motion for new trial to be overruled by operation of law. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.