## In the Matter of the MARRIAGE OF Joyce Ann LOFTIS and Charles Edwin Loftis.

### No. 06–00–00049–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 12, 2000.

Decided Feb. 2, 2001.

Rehearing Overruled March 13, 2001.

---

Jimmie P. Price, Price & Price, Conroe, for appellant.

Lester R. Buzbee III, Humble, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Joyce Loftis filed for divorce and property division. Her husband, Charles, filed a counter-petition for divorce. They settled the distribution of all assets except for $35,016.98. The court denied Joyce's claims for separate property reimbursement of $33,657.48 and $6,283.62, but allowed her claim for reimbursement of $1,359.50 against Charles' separate property estate. During trial, the court allowed Joyce to submit an oral trial amendment which resulted in a resulting (or constructive) trust in her favor in the amount of $35,016.98.[1] Charles objected to the amendment. The final decree of divorce was rendered, with the resulting trust included in the court's judgment. Charles filed a motion for new trial to contest the trust. The motion was denied, and Charles appeals.

Joyce and Charles were married on November 10, 1993. They separated in

---

1. The amount is equal to the previously denied $33,657.48 plus the awarded reimbursement of $1,359.50.

March 1998. No children were born or adopted during the marriage. Charles owned real estate prior to the marriage, recognized by both parties as his separate property, where they lived during the marriage. Joyce requested reimbursement to her separate property estate in the amount of $33,657.48. This represents the amount Joyce paid on October 21, 1993, to eliminate the balance of the mortgage on the real estate. Joyce also sought reimbursement in the amount of $1,359.50 for real property taxes paid for the benefit of Charles' separate property real estate. As stated, this claim was granted.

The trial court denied Joyce's claim for separate property reimbursement of $33,657.48 because it was paid prior to the marriage and thus was not subject to reimbursement. At the end of Joyce's case, the trial court suggested that Joyce amend her pleadings to include a plea for a resulting trust. Charles objected to the amendment and claimed surprise. Despite Charles' objection, the trial court granted the resulting trust[2] in the amount of $35,016.98.

Charles challenges the decision of the trial court to allow the trial amendment, claiming that the amendment was prejudicial on its face, caused surprise, and was a result of Joyce's lack of diligence. Charles also challenges the granting of the trust in his separate property and challenges the decision of the trial court to grant a trust in the amount of $1,359.50, contending that it is "double dipping" since the amount was previously granted as a reimbursement claim to Joyce's separate property estate.

In Charles' contention that the trial court improperly allowed the trial amendment, Charles claims that the amendment was prejudicial, that it resulted in surprise

to him, and that it showed a lack of diligence on the part of Joyce.

■■■ A court may allow an amendment in the pleadings at trial and shall do so freely when the presentation will serve the merits of the moving party if the objecting party fails to satisfy the court that the amendment would cause prejudice. TEX.R. CIV. P. 66; *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex.1994). A court may not refuse a trial amendment unless (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense and thus is prejudicial on its face. *Kilpatrick*, 874 S.W.2d at 658. The burden of showing surprise or prejudice rests on the party opposing the amendment. *Id.* A party that opposes a trial amendment does not have to prove prejudice or surprise if the amendment is substantive, which would change the nature of the trial. *Chapin & Chapin, Inc. v. Texas Sand & Gravel, Inc.*, 844 S.W.2d 664, 665 (Tex.1992); *Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc.*, 927 S.W.2d 146, 155 (Tex.App.—Corpus Christi 1996, no writ). If the trial amendment is not mandatory, then the decision to permit or deny the amendment is within the discretion of the trial court. TEX.R. CIV. P. 66; *Kilpatrick*, 874 S.W.2d at 658. A decision made at the discretion of the trial court may be reversed only if there is a clear abuse of discretion. *Kilpatrick*, 874 S.W.2d at 658. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. The mere fact that a trial

---

**2.** In the final divorce decree, the trial court stated that Joyce could claim a resulting or constructive trust.

court may decide a matter within its discretionary authority differently than an appellate judge does not demonstrate such an abuse. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

██ The trial amendment in this case was not prejudicial on its face. The amendment did not alter the nature of the trial. The trial was to finalize the divorce and divide the assets of each party. The pleading of a resulting trust was consistent with the nature of the trial because it allowed Joyce an avenue to reclaim her separate property used for the benefit of Charles' separate property.

██ Charles objected to the amendment as being a surprise.[3] The basis of his contention is that for over a year Joyce's only claim for the $33,657.48 was as reimbursement. It was not until the trial judge suggested the pleading of a resulting trust that Joyce sought to amend her pleadings.[4]

██ A trial judge may deny a trial amendment when there is a lack of diligence. *Cocke v. White*, 697 S.W.2d 739, 742 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Denial due to lack of diligence is not an abuse of discretion. *Trailways, Inc. v. Clark*, 794 S.W.2d 479, 492 (Tex.App.—Corpus Christi 1990, writ denied). In *Trailways*, a trial amendment was refused when it was not based on newly discovered facts. *Id.* The court found that the amending party knew of the facts and should have pled accordingly. *Id.* The lack of proper pleading kept the opposing party from receiving notice that it would have to defend on the sought amendment. *Id.* The factual situation in *Trailways* is equivalent to the facts in the case at issue. However, in *Trailways*, the judge denied the amendment, which was not an abuse of discretion. *Id.* Conversely, the trial judge in this suit found that there was no surprise to Charles, nor was there a lack of diligence on the part of Joyce. The trial court has discretion in deciding whether to permit a trial amendment. *Howard v. Phillips*, 728 S.W.2d 448, 450 (Tex.App.—Fort Worth 1987, no writ). This decision will not be overturned absent a clear abuse of discretion. *Kilpatrick*, 874 S.W.2d at 658. The decision to allow Joyce's trial amendment was not a clear abuse of discretion. Charles' contention to the contrary is overruled.

██ Charles also appeals the actual granting of a resulting or constructive trust by the trial court. Resulting and constructive trusts are distinguishable, although there is often confusion between them. *Tolle v. Sawtelle*, 246 S.W.2d 916, 918 (Tex.Civ.App.—Eastland 1952, writ ref'd). A resulting trust primarily involves the equitable doctrine of consideration. *Id.* This doctrine renders valuable consideration, not legal title, as the deciding factor on equitable title or interest from a transaction. *Id.* A constructive trust generally involves fraud. *Id.* This is the view that equitable title or interest should be recognized in someone other than the possessor of legal title. *Id.* Both trusts are implied by operation of law to prevent

---

**3.** To preserve for review, Charles was required to make a claim of surprise or request a postponement or continuance. *Howard v. Phillips*, 728 S.W.2d 448, 451 (Tex.App.—Fort Worth 1987, no writ). Opposing case law requires that a motion for continuance be filed and presented based on the ground of surprise before the filing of a trial amendment can constitute reversible error. *Hardage v. Rouly*, 349 S.W.2d 616, 618 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.).

**4.** A trial judge may suggest a trial amendment, subject only to an abuse of discretion. *See Clark v. State*, 693 S.W.2d 23, 25 (Tex.App.—Beaumont 1985, no pet.).

unjust enrichment. *Davis v. Sheerin*, 754 S.W.2d 375, 387 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ A resulting trust is based on the concept that the party who furnishes consideration for a purchase should receive equitable title. *Sheldon Petroleum Co. v. Peirce*, 546 S.W.2d 954, 957 (Tex.Civ. App.—Dallas 1977, no writ). Due to its nature, a resulting trust must arise when legal title passed to the one on whom the trust is to be imposed. *Id.; Tolle*, 246 S.W.2d at 919. Charles acquired the property, the res of the trust, before he had even met Joyce.[5] Legal title was taken in Charles' name well before Joyce's contribution that paid off the remaining balance on Charles' separate property mortgage. Charles had title to the real estate before Joyce paid the balance of the debt. A resulting trust could not have resulted. *See generally Tolle*, 246 S.W.2d at 919–20.

■ A constructive trust is used to remedy a wrong. *Wheeler v. Blacklands Prod. Credit Ass'n*, 627 S.W.2d 846, 849 (Tex.App.—Fort Worth 1982, no writ). When the legal title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress, or through any other similar means which render it unconscientious for the holder of legal title to retain the interest, equity imposes a constructive trust on the property in favor of the one who is equitably entitled to the same. *Id.* at 849. A constructive trust must be toward specific property that has been wrongfully taken from another who is equitably entitled to it. *Id.* at 851. A constructive trust is born of fraud. *Blankenship v. Citizens Nat'l Bank of Lubbock*, 449 S.W.2d 77, 79 (Tex.Civ.App.—Amarillo 1969, writ ref'd

n.r.e.). There is no evidence that Charles has committed any fraud toward Joyce. The evidence indicates that Joyce used her separate property to pay the remaining balance on Charles' mortgage of her own free will and desire.

■ Joyce did expect that the real estate would be her "home," as it was for a number of years, but this is not the type of reliance on which constructive trusts are based. Informal relationships can be sufficient to establish a constructive trust. *Walter E. Heller & Co. v. Barnes*, 412 S.W.2d 747, 758 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.). However, the *Barnes* case is easily distinguished. *Barnes* involved a series of business transactions that were tainted by bad faith, conspiracy, and false representation. *Id.* at 749–52. This is significantly different from an engaged woman's desire to help her fiancé in building a solid foundation for their life together. Although a relationship of trust and confidence can arise from a personal relationship, there must be sufficient evidence that a fiduciary relationship was created. *Id.* at 758. There is no evidence to support the granting of a constructive trust. Charles' challenge to the granting of this trust is sustained.

The courts of appeals may affirm, modify, reverse, or vacate, either completely or in part, the trial court's judgment. Tex. R.App. P. 43.2; *see, e.g., Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72 (Tex. App.—El Paso 1998, pet. denied). As this Court has found that Joyce was not entitled to reimbursement of the $33,657.48, and that neither a resulting nor constructive trust was appropriate, we hereby dissolve such trust by reforming the trial court's judgment to delete the following language:

---

5. The nature of property, as separate or community, is determined at the point of acquisition. *Hernandez v. Hernandez*, 703 S.W.2d 250, 252 (Tex.App.—Corpus Christi 1985, no writ).

*Order as to Resulting Trust*

The Court ORDERS AND DE-CREES that JOYCE ANN LOFTIS shall be granted a resulting trust interest in the separate property described in Exhibit "E" in the sum of $35,016.98 ($33,657.48 plus 1,359.50), said sum representing the $33,657.48 paid by JOYCE ANN LOFTIS, formerly JOYCE ANN MOORE GENTRY, to retire the separate property purchase money debt of CHARLES EDWIN LOFTIS and $1,359.50 representing the real property taxes paid from the separate property funds of JOYCE ANN LOFTIS on the separate property real estate of CHARLES EDWIN LOFTIS.

Charles contends that the inclusion of the $1,359.50 that Joyce was entitled to via reimbursement was wrongfully included within the resulting trust, resulting in "double dipping." Our dissolution of the trust eliminates the "double dipping" and makes this contention moot.

The judgment, as reformed, is affirmed.