COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-053-CV

 

 

REBECCA DUWE                                                                 APPELLANT

 

                                                   V.

 

MONTE J. DUWE                                                                   APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Rebecca Duwe brings
five issues in this divorce action appeal. 
She asserts that the trial court abused its discretion by denying her
motions for a continuance and for leave to file a counter‑petition and a
trial amendment, and by requiring her counsel to make her bill of exceptions to
the court reporter after trial had concluded and without court being in
session.  We affirm the trial court=s denial of her motions and so do not reach her other complaints.

BACKGROUND

In early 2005, Appellee filed
for divorce.  In April, Appellant filed
her  answer, entering a general denial
and seeking attorney=s fees and a
name change.  She received notice of the
trial setting in July and met with her attorney in August, but testified that
she made no request for a continuance at that time because she was not advised
to do so.

On September 8, 2005, the day
before trial, Appellant filed a motion for a continuance and for late filing of
a counter-petition.  The counter-petition
contained an allegation of cruel treatment and sought a community property
division in her favor based on fault, reimbursement for community funds used to
enhance Appellee=s separate
property, and spousal maintenance. 
During trial, Appellant=s motion to file a trial amendment set forth the same new claims by
incorporating the counter-petition.








Appellant=s affidavit supporting her motion for continuance and for late filing
was contained within the motion itself. 
Her reasons for requesting the continuance were based on her oversight
of her dying grandmother=s out‑of‑state
medical care, which had caused her to spend insufficient time with her attorney
to prepare for trial, and on the need for additional discovery.  The trial judge denied the continuance,
stating, Aas much as I
can sympathize with the situation you find yourself in personally, it=s the reason the rules provide for 45 days= notice so you can get your affairs in order and prepare for a final
hearing.@  In his subsequently-filed
findings of fact and conclusions of law, the trial judge overruled the motion
for continuance for failure to show good cause.

Appellee objected to
Appellant=s late
counter‑petition based on unfair surprise, asserting that he had received
it at 3:23 p.m. on the day before trial. The trial judge stated that the new
petition added a new cause of action for fault, and Aobviously, that would be a surprise since there are no fault pleadings
of record to this point.@  The trial judge noted that fault was Athe kind of thing[] that could have been included in an original
answer or an amended answer, especially when the setting was obtained 45 days
ahead of time.@  He overruled Appellant=s motion for late filing based on failure to show good cause and
refused to consider her counter-petition because it was untimely filed.








Appellant moved for a trial
amendment after Appellee objected to her introduction of evidence.  Appellee based his objection on relevance,
because Appellant=s evidence
went only to items that were raised in the counter-petition, which the trial
court had declined to consider. 
Appellant admitted that she was re-urging as a trial amendment what she
had tried to raise in her counter-petition.[2]  The trial court overruled her motion for a
trial amendment for failure to show good cause and to follow court rules.

After the trial court
sustained Appellee=s objection
to Appellant=s line of
questioning, Appellant Aoffered to
prove up [her] bill.@  The trial court declined to hear Appellant=s bill of exceptions at that time, informing Appellant that she could
prove up her exceptions after the trial was over.  At the end of the trial, Appellant protested
that the trial court was ruling before hearing her bill of exceptions.[3]  The trial court overruled the objection and
reiterated the basis for his decision, stating, 

The Court has ruled the way
it has today because I believe that these last minute pleadings are not fair,
it=s as simple as that.  They come
at the eleventh hour, with no warning, and they raise a number of issues which
were not in this case up until 24 hours ago. . . . These are issues, that had
they been serious issues, . . . should have been thoroughly developed a long
time ago through discovery or otherwise.








After granting the divorce,
the trial court informed Appellant=s attorney that he had a prior engagement, but that she could prove up
her bills on the record without him that afternoon because they were her Abill to show what you would have proven had the court ruled otherwise.@  Instead of scheduling another
time at which the judge could be present and which would have been more
convenient for Appellee=s attorney,[4]
Appellant chose to proceed that afternoon.

At the first hearing on
Appellant=s motion for
new trial, after a comment by Appellant about the trial judge=s absence during the bill of exceptions, he responded:

I
think it was mentioned in the record that I would not be here, but if Counsel
chose to go forward, she certainly could. 
So, I don=t
want it to be inferred today that the court didn=t
show up for trial.  In fact, the court
advised the parties that I had to leave at noon that day, and if you wanted to
prove up your bill, you could do it that afternoon but I wouldn=t be
here.  You had a choice between doing it
then or the next week, and it=s my understanding you chose
that afternoon. 

 








At the second hearing on her motion for new
trial, Appellant indicated that she had tried three ways to get her
counter-claims before the court: through the motions for continuance, for leave
to late file the counter-petition, and for the trial amendment.  She argued that she had a good excuse and
that there was no surprise because the same issues had been raised in Appellant=s answers to Appellee=s interrogatories.[5]

ABUSE OF DISCRETION

Appellant argues in her
first, second, and third issues that the trial court abused its discretion when
it denied her various trial motions.  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.








Motion For Continuance

In her first issue, Appellant
complains that the trial court abused its discretion by denying her motion for
a continuance.  Whether the trial court
grants or denies a motion for continuance is within its sound discretion.  See BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 800 (Tex. 2002). 
Therefore, its ruling will not be reversed unless the record shows a
clear abuse of discretion.  Id.  No continuance shall be granted without Asufficient cause supported by affidavit,@ see Tex. R. Civ. P.
251, and a litigant who fails to diligently use the rules of civil procedure
for discovery purposes is not entitled to a continuance.  See State v. Wood Oil Distrib., Inc.,
751 S.W.2d 863, 865 (Tex. 1988).  In
deciding whether a trial court abused its discretion in denying a motion for
continuance seeking additional time to conduct discovery, we consider factors
such as the length of time the case has been on file, the materiality and purpose
of the discovery sought, and whether the party seeking the continuance has
exercised due diligence to obtain the discovery sought.  Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 161 (Tex. 2004).








Appellant incorporated her
affidavit into her motion.  She did not
specify, either in the affidavit or at the continuance hearing, why she needed
more time, beyond referring generally to discovery and additional preparation
time for trial because of time spent caring for her sick grandmother.  She agreed that she had received at least
forty-five days= notice of
trial setting and had filed her answer in April, before starting to oversee her
grandmother=s care in
May. Based on these facts, we cannot say that the trial court=s conclusion that Appellant failed to show good cause for a
continuance was arbitrary or unreasonable, and therefore, we must conclude that
denying her motion for a continuance did not constitute an abuse of
discretion.  See id.  We overrule Appellant=s first issue.

Motions For Leave To File
Counter-Petition & Trial Amendment 

Appellant argues in her
second issue that the trial court abused its discretion by denying her motion
for leave to file a counter-petition. 
She claims in her third issue that the trial court also abused its
discretion by denying her motion for leave to file a trial amendment.








Rule 63 governs pretrial
amendments; rule 66 governs amendments at trial.  See Tex.
R. Civ. P. 63, 66.  Under rules 63
and 66, a trial judge has no discretion to refuse an amendment unless (1) the
opposing party presents evidence of surprise or prejudice or (2) the amendment
asserts a new cause of action or defense, and the opposing party objects to the
amendment.  Greenhalgh v. Service
Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990); see also State Bar of
Tex. v. Kilpatrick, 874 S.W.2d 656, 658 (Tex.), cert. denied, 512
U.S. 1236 ( 1994).  Surprise may be shown
on the face of the amendment when it would reshape the cause of action to the
prejudice of the opposing party.  Greenhalgh, 787 S.W.2d at 940‑41.  However, merely because an amended pleading
asserts a new cause of action does not make it prejudicial to the opposing
party as a matter of law.  Dunnagan v.
Watson, 204 S.W.3d 30, 38 (Tex. App.CFort Worth 2006, no pet.).

An amendment is prejudicial
on its face if (1) it asserts a new substantive matter that reshapes the nature
of the trial itself, (2) the opposing party could not have anticipated the
amendment in light of the prior development of the case, and (3) the opposing
party=s presentation of the case would be detrimentally affected.  Id. 
The burden of showing surprise or prejudice is on the party resisting
the amendment.  Id.  But when the record shows a lack of diligence
in bringing the reshaped cause before the court and the matter pleaded appears
to have been known by the party seeking to amend and is not based on any newly
discovered facts, the court does not abuse its discretion in refusing to allow
the amendment.  See In re Marriage of
Loftis, 40 S.W.3d 160, 164 (Tex. App.CTexarkana 2001, no pet.). 








Here, Appellant=s counter-petition and her trial amendment, which incorporated her
counter-petition, reshaped the claim for divorce by presenting a new ground,
fault based on cruel treatment, and new claims for economic contribution,
reimbursement, and spousal maintenance.  See
Bishop v. Bishop, No. 14‑02‑00132‑CV, 2003 WL 21229476,
*5 (Tex. AppCHouston
[14th Dist.] May 29, 2003, no pet.) (mem. op.) (holding that equitable lien
would not be imposed when spouse failed to plead economic contribution); Vallone
v. Vallone, 644 S.W.2d 455, 459 (Tex. 1982) (requiring party claiming right
of reimbursement to plead and prove it). 
Prior to the day before trial, none of these items had been pled to put
Appellee on notice that he would be required to defend his suit against
them.  Appellee objected to both the
counter-petition and to the trial amendment based on untimeliness and unfair
surprise, and the trial judge sustained those objections.  On these facts, we cannot conclude that the
trial court acted arbitrarily or unreasonably in denying both of Appellant=s motions.  We overrule
Appellant=s second and
third issues.

CONCLUSION








Because we conclude that the
trial court did not abuse its discretion in denying Appellant a continuance or
leave to late file her counter-petition or to make a trial amendment, we do not
reach her evidentiary claims, which address issues raised only in her
counter-petition and trial amendment.  See
Tex. R. App. P. 47.1; see also
Benavides v. Cushman, Inc., 189 S.W.3d 875, 881 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (stating that Ait is not . . . proper to admit evidence unless it is addressed to or
bears upon some issue raised by the pleadings@).[6]  We affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
B:  LIVINGSTON, DAUPHINOT, and HOLMAN,
JJ.

 

DELIVERED:  January 25, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Appellee argued against allowing
it, stating, Aa trial amendment would be an
amendment to a pleading that is on file, live, and in consideration, not an
entire counter‑petition.  That=s not a trial amendment, that=s a whole new pleading, urging
whole new remedies.@





[3]Appellant=s exceptions addressed the
exclusion of evidence pertaining to issues in her counter‑petition.





[4]Appellant=s attorney stated, AI am not personally inclined to
extend courtesies to Mr. Hale [Appellee=s attorney].@





[5]In response to the trial judge=s question regarding why, when
sufficient notice of trial setting was provided, she failed to timely file the
counter‑petition, Appellant=s attorney replied:

 

[A]s a practical matter in my law
practice, I work closely with my clients and I don=t have a ticklerCtickler system on my own, and I
depend a great deal on my clients keeping in touch with me, and because of the
fact that [Appellant] was unable to do that because of herCher problems with taking care of
her grandmother, theCit just didn=t happen in this case.

 





[6]We note, however, that Appellant is
not complaining about the  exclusion
of her evidence as it relates to those claims. 
Rather, she complains about the procedure by which her objections
to the exclusion of evidence were preserved. 
Rule 103 of the Texas Rules of Evidence provides that to preserve error
when evidence is excluded, the proponent must make the substance of the
evidence known to the court by offer of proof if it is not apparent from
the context within which the questions were asked.  See Tex.
R. Evid. 103(a)(2).  The substance
of Appellant=s evidence here was apparent from
context, on the face of the record, relating only to issues not before the
court: fault, reimbursement and contribution, and spousal maintenance.