COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-053-CV

REBECCA DUWE APPELLANT

V.

MONTE J. DUWE APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rebecca Duwe brings five issues in this divorce action appeal.  She asserts that the trial court abused its discretion by denying her motions for a continuance and for leave to file a counter-petition and a trial amendment, and by requiring her counsel to make her bill of exceptions to the court reporter after trial had concluded and without court being in session.  We affirm the trial court’s denial of her motions and so do not reach her other complaints.

BACKGROUND

In early 2005, Appellee filed for divorce.  In April, Appellant filed her  answer, entering a general denial and seeking attorney’s fees and a name change.  She received notice of the trial setting in July and met with her attorney in August, but testified that she made no request for a continuance at that time because she was not advised to do so.

On September 8, 2005, the day before trial, Appellant filed a motion for a continuance and for late filing of a counter-petition.  The counter-petition contained an allegation of cruel treatment and sought a community property division in her favor based on fault, reimbursement for community funds used to enhance Appellee’s separate property, and spousal maintenance.  During trial, Appellant’s motion to file a trial amendment set forth the same new claims by incorporating the counter-petition.

Appellant’s affidavit supporting her motion for continuance and for late filing was contained within the motion itself.  Her reasons for requesting the continuance were based on her oversight of her dying grandmother’s out-of-state medical care, which had caused her to spend insufficient time with her attorney to prepare for trial, and on the need for additional discovery.  The trial judge denied the continuance, stating, “as much as I can sympathize with the situation you find yourself in personally, it’s the reason the rules provide for 45 days’ notice so you can get your affairs in order and prepare for a final hearing.”  In his subsequently-filed findings of fact and conclusions of law, the trial judge overruled the motion for continuance for failure to show good cause.

Appellee objected to Appellant’s late counter-petition based on unfair surprise, asserting that he had received it at 3:23 p.m. on the day before trial. The trial judge stated that the new petition added a new cause of action for fault, and “obviously, that would be a surprise since there are no fault pleadings of record to this point.”  The trial judge noted that fault was “the kind of thing[] that could have been included in an original answer or an amended answer, especially when the setting was obtained 45 days ahead of time.”  He overruled Appellant’s motion for late filing based on failure to show good cause and refused to consider her counter-petition because it was untimely filed.

Appellant moved for a trial amendment after Appellee objected to her introduction of evidence.  Appellee based his objection on relevance, because Appellant’s evidence went only to items that were raised in the counter-petition, which the trial court had declined to consider.  Appellant admitted that she was re-urging as a trial amendment what she had tried to raise in her counter-petition.
(footnote: 2)  The trial court overruled her motion for a trial amendment for failure to show good cause and to follow court rules.

After the trial court sustained Appellee’s objection to Appellant’s line of questioning, Appellant “offered to prove up [her] bill.”  The trial court declined to hear Appellant’s bill of exceptions at that time, informing Appellant that she could prove up her exceptions after the trial was over.  At the end of the trial, Appellant protested that the trial court was ruling before hearing her bill of exceptions.
(footnote: 3)  The trial court overruled the objection and reiterated the basis for his decision, stating, 

The Court has ruled the way it has today because I believe that these last minute pleadings are not fair, it’s as simple as that.  They come at the eleventh hour, with no warning, and they raise a number of issues which were not in this case up until 24 hours ago. . . . These are issues, that had they been serious issues, . . . should have been thoroughly developed a long time ago through discovery or otherwise.

After granting the divorce, the trial court informed Appellant’s attorney that he had a prior engagement, but that she could prove up her bills on the record without him that afternoon because they were her “bill to show what you would have proven had the court ruled otherwise.”  Instead of scheduling another time at which the judge could be present and which would have been more convenient for Appellee’s attorney,
(footnote: 4) Appellant chose to proceed that afternoon.

At the first hearing on Appellant’s motion for new trial, after a comment by Appellant about the trial judge’s absence during the bill of exceptions, he responded:

I think it was mentioned in the record that I would not be here, but if Counsel chose to go forward, she certainly could.  So, I don’t want it to be inferred today that the court didn’t show up for trial.  In fact, the court advised the parties that I had to leave at noon that day, and if you wanted to prove up your bill, you could do it that afternoon but I wouldn’t be here.  You had a choice between doing it then or the next week, and it’s my understanding you chose that afternoon. 

At the second hearing on her motion for new trial, Appellant indicated that she had tried three ways to get her counter-claims before the court: through the motions for continuance, for leave to late file the counter-petition, and for the trial amendment.  She argued that she had a good excuse and that there was no surprise because the same issues had been raised in Appellant’s answers to Appellee’s interrogatories.
(footnote: 5)
ABUSE OF DISCRETION

Appellant argues in her first, second, and third issues that the trial court abused its discretion when it denied her various trial motions.  
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.

Motion For Continuance

In her first issue, Appellant complains that the trial court abused its discretion by denying her motion for a continuance.  Whether the trial court grants or denies a motion for continuance is within its sound discretion.  
See BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 800 (Tex. 2002).  Therefore, its ruling will not be reversed unless the record shows a clear abuse of discretion. 
 Id
.  No continuance shall be granted without “sufficient cause supported by affidavit,” 
see
 
Tex. R. Civ. P
. 251, and a litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance. 
 See
 
State v. Wood Oil Distrib., Inc
., 751 S.W.2d 863, 865 (Tex. 1988).  In deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we consider factors such as the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought.  
Joe v. Two Thirty Nine Joint Venture
, 145 S.W.3d 150, 161 (Tex. 2004)
.

Appellant incorporated her affidavit into her motion.  She did not specify, either in the affidavit or at the continuance hearing, why she needed more time, beyond referring generally to discovery and additional preparation time for trial because of time spent caring for her sick grandmother.  She agreed that she had received at least forty-five days’ notice of trial setting and had filed her answer in April, before starting to oversee her grandmother’s care in May. Based on these facts, we cannot say that the trial court’s conclusion that Appellant failed to show good cause for a continuance was arbitrary or unreasonable, and therefore, we must conclude that denying her motion for a continuance did not constitute an abuse of discretion.  
See id.
  We overrule Appellant’s first issue.

Motions For Leave To File Counter-Petition & Trial Amendment 

Appellant argues in her second issue that the trial court abused its discretion by denying her motion for leave to file a counter-petition.  She claims in her third issue that the trial court also abused its discretion by denying her motion for leave to file a trial amendment.

Rule 63 governs pretrial amendments; rule 66 governs amendments at trial.  
See
 
Tex. R. Civ. P. 
63, 66.  Under rules 63 and 66, a trial judge has no discretion to refuse an amendment unless (1) the opposing party presents evidence of surprise or prejudice or (2) the amendment asserts a new cause of action or defense, and the opposing party objects to the amendment.  
Greenhalgh v. Service Lloyds Ins. Co.
, 787 S.W.2d 938, 939 (Tex. 1990); 
see also State Bar of Tex. v. Kilpatrick
, 874 S.W.2d 656, 658 (Tex.), 
cert. denied, 
512 U.S. 1236 ( 1994).  Surprise may be shown on the face of the amendment when it would reshape the cause of action to the prejudice of the opposing party. 
 Greenhalgh
, 787 S.W.2d at 940-41.  However, merely because an amended pleading asserts a new cause of action does not make it prejudicial to the opposing party as a matter of law.  
Dunnagan v. Watson
, 204 S.W.3d 30, 38 (Tex. App.—Fort Worth 2006, no pet.).

An amendment is prejudicial on its face if (1) it asserts a new substantive matter that reshapes the nature of the trial itself, (2) the opposing party could not have anticipated the amendment in light of the prior development of the case, and (3) the opposing party’s presentation of the case would be detrimentally affected.  
Id
.  The burden of showing surprise or prejudice is on the party resisting the amendment.  
Id
.  But when the record shows a lack of diligence in bringing the reshaped cause before the court and the matter pleaded appears to have been known by the party seeking to amend and is not based on any newly discovered facts, the court does not abuse its discretion in refusing to allow the amendment.  
See In re Marriage of Loftis
, 40 S.W.3d 160, 164 (Tex. App.—Texarkana 2001, no pet.)
. 

Here, Appellant’s counter-petition and her trial amendment, which incorporated her counter-petition, reshaped the claim for divorce by presenting a new ground, fault based on cruel treatment, and new claims for economic contribution, reimbursement, and spousal maintenance.  
See
 
Bishop v. Bishop
, No. 14-02-00132-CV, 2003 WL 21229476, *5 (Tex. App—Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.) (holding that equitable lien would not be imposed when spouse failed to plead economic contribution); 
Vallone v. Vallone
, 644 S.W.2d 455, 459 (Tex. 1982) (requiring party claiming right of reimbursement to plead and prove it).  Prior to the day before trial, none of these items had been pled to put Appellee on notice that he would be required to defend his suit against them.  Appellee objected to both the counter-petition and to the trial amendment based on untimeliness and unfair surprise, and the trial judge sustained those objections.  On these facts, we cannot conclude that the trial court acted arbitrarily or unreasonably in denying both of Appellant’s motions.  We overrule Appellant’s second and third issues.

CONCLUSION

Because we conclude that the trial court did not abuse its discretion in denying Appellant a continuance or leave to late file her counter-petition or to make a trial amendment, we do not reach her evidentiary claims, which address issues raised only in her counter-petition and trial amendment.  
See
 
Tex. R. App. P
. 47.1; 
see also Benavides v. Cushman, Inc
., 189 S.W.3d 875, 881 (Tex. App.—Houston [1st
 Dist.] 2006, no pet.) (stating that “it is not . . . proper to admit evidence unless it is addressed to or bears upon some issue raised by the pleadings”).
(footnote: 6)  We affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  January 25, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Appellee argued against allowing it, stating, “a trial amendment would be an amendment to a pleading that is on file, live, and in consideration, not an entire counter-petition.  That’s not a trial amendment, that’s a whole new pleading, urging whole new remedies.”

3:
Appellant’s exceptions addressed the exclusion of evidence pertaining to issues in her counter-petition.

4:
Appellant’s attorney stated, “I am not personally inclined to extend courtesies to Mr. Hale [Appellee’s attorney].”

5:
In response to the trial judge’s question regarding why, when sufficient notice of trial setting was provided, she failed to timely file the counter-petition, Appellant’s attorney replied:

[A]s a practical matter in my law practice, I work closely with my clients and I don’t have a tickler—tickler system on my own, and I depend a great deal on my clients keeping in touch with me, and because of the fact that [Appellant] was unable to do that because of her—her problems with taking care of her grandmother, the—it just didn’t happen in this case.

6:
We note, however, that Appellant is not complaining about the  
exclusion
 of her evidence as it relates to those claims.  Rather, she complains about the 
procedure
 by which her objections to the exclusion of evidence were preserved.  Rule 103 of the Texas Rules of Evidence provides that to preserve error when evidence is excluded, the proponent must make the substance of the evidence known to the court by offer of proof 
if
 it is not apparent from the context within which the questions were asked.  
See
 
Tex. R. Evid
. 103(a)(2).  The substance of Appellant’s evidence here was apparent from context, on the face of the record, relating only to issues not before the court: fault, reimbursement and contribution, and spousal maintenance.